SOUTHWESTERN BELL TEL. CO. v. WARD.

No. 32338. May 11, 1948.

*193 P. 2d 569.*

Cantrell, Carey & McCloud and E. J. Flynn, all of Oklahoma City, and Horsley & Epton, of Wewoka, for plaintiff in error.

G. O. Wallace, of Wewoka, for defendant in error.

LUTTRELL, J. This is an action for damages for personal injuries brought by the plaintiff, Owen Ward, against defendant, Southwestern Bell Telephone Company. The cause was tried to a jury. After the trial court had overruled defendant's demurrer to the petition, demurrer to plaintiff's evidence, and motion for a directed verdict at the close of all the evidence, the jury returned a verdict for plaintiff and judgment followed the verdict. Defendant appeals.

Plaintiff's petition alleges and the evidence substantially shows that plaintiff was a welder by trade, operating an automobile and general repair shop in the city of Wewoka, and that on May 25, 1943, he was requested by Mr. Pierce, the wire chief of defendant, to bring a welding machine to defendant's garage and shop in the city of Wewoka to make some changes in a shovel rack therein; that he did so and that Pierce showed him certain bolts on the shovel rack which he desired to have cut away and replaced by certain other bolts which he desired to have welded to the pipes which formed the shovel rack; that he was under the control and supervision of Pierce; that while doing the welding he discovered that one of the upright pipes composing the shovel rack did not respond to the heat from his welding machine, and suggested to Pierce that there was some foreign substance in the pipe which prevented the pipe from taking the heat properly, and made it difficult for him to weld a bolt upon it; that Pierce asserted that there was nothing in the pipes, but that upon burning a hole in the pipe on which he was working he discovered a foreign substance therein; that while looking at this substance, which he at first took to be wood, but which proved to be

oil or paraffin, it ignited and exploded, burning his face severely.' The shovel rack consisted of two upright two inch pipes some three or four feet apart, the top of said pipes being fastened by metal arms to the wall of the garage, and the lower end, which was open, resting on the concrete floor.

Defendant, on appeal, contends that the allegations of the petition filed by plaintiff commit plaintiff to the theory that he was an employee of defendant at the time the injury was sustained by him, and that, therefore, the trial court should have sustained its demurrer, since in such case jurisdiction to allow plaintiff compensation was vested exclusively in the State Industrial Commission under the Workmen's Compensation Act of this state. 85 O. S. 1941 § 1 et seq. We do not agree with this contention.

While the allegations of the petitioner are to some extent susceptible of such construction, we think that they may be also construed as alleging that plaintiff was an independent contractor. From the allegations it reasonably appears that the control and supervision alleged to have been exercised by Pierce over the plaintiff while working extended no further than to his showing plaintiff where he desired the old bolts cut off and the new bolts welded on, and that in the doing of the work of removing the old bolts and welding on the new bolts plaintiff was his own master. Neither the pleadings nor the evidence disclose the nature of the contract between the parties, and we are unable to say whether plaintiff was to be paid for the job or by the hour, or whether he was to begin or finish the job at any certain time. The petition simply stated the facts connected with and out of which the injury arose, and did not, in express language, commit the plaintiff to any definite theory. Defendant did not seek to clarify the relationship by a motion to make more definite and certain. We think that from its allegations and from the evidence produced by plaintiff and

defendant, it was for the jury to determine whether plaintiff was an employee or an independent contractor at the time he was injured, and that this question should have been submitted to the jury by the trial court.

The trial court did not instruct the jury as to the distinction between an employee and an independent contractor, and the consequent difference in liability toward plaintiff arising therefrom and refused a request by defendant for special findings as to whether plaintiff, at the time of his injury, was an employee of defendant or an independent contractor. This was a decisive issue raised by the pleadings and the evidence, since if plaintiff was an employee of defendant he could not recover, but must apply for relief to the State Industrial Commission. In such case it was a mandatory duty of the trial court to instruct the jury upon his own motion as to such issue. City of Altus v. Martin, 185 Okla. 446, 94 P. 2d 1. The gist of the court's instructions in this respect was that if plaintiff was doing the work under the direction and instruction of defendant's wire chief, and without negligence on his part was injured while so doing, and defendant knew or should have known that the explosive substance was in the pipe at the time plaintiff was instructed to work thereon, plaintiff was entitled to recover. The plaintiff apparently acquiesced in the court's instructions, in that there is no showing of a request by plaintiff for other or additional instructions. The trial court erred in not defining for the jury the distinction between an employee and an independent contractor, and in failing to instruct the jury that plaintiff could recover only if the jury found that he was an independent contractor.

Plaintiff contends in this court that the evidence justifies the judgment, in that the evidence discloses the relationship of employer and independent contractor. The evidence in this respect is vague and to some extent conflicting. We think it was for the trier

of the facts to make such determination, under proper instructions submitting the issue to the jury.

Defendant further contends that even if plaintiff was an independent contractor, it is not liable for the reason that plaintiff wholly failed to establish actionable negligence on its part; that under our decisions its duty to plaintiff was to exercise ordinary care, and to warn him of any danger which the defendant knew or should have known, and which was unknown to the plaintiff, citing Clinkscales v. Mundkoski, 183 Okla. 12, 79 P. 2d 562, Long Construction Co. v. Fournier, 190 Okla. 361, 123 P. 2d 689, and other cases so holding. Defendant urges that plaintiff knew or had reason to believe that there was a foreign substance in the pipe, even though he had been assured by Pierce that there was not, and that, therefore, his knowledge was equal or superior to that of defendant, and that he was guilty of negligence when he peered into the hole in the pipe to see what a foreign substance was.

We think the questions of whether there was negligence on the part of the defendant or contributory negligence on the part of the plaintiff were questions for the jury.

In City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462, we said:

"The duty to keep premises reasonably safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care."

In Clinkscales v. Mundkoski, supra, we said:

"The owner or occupant who expressly or impliedly invites others to come upon his premises assumes to all who accept the invitation the duty to warn them of any dangers thereon of which he knows, or ought to know, and are unknown to those invited."

The danger in the instant case was a concealed or hidden danger for, although plaintiff, by reason of his experience as a welder assumed that there was a foreign substance of some kind in the pipe, he was assured by Pierce that the pipe contained no such substance; nor did he have any reason to believe that if there was a foreign substance in the pipe, it would be of an explosive nature.

Whether the defendant, by the exercise of ordinary and reasonable care, should have known that the pipe on which plaintiff was working contained an explosive substance was, we think, a question for the jury. The evidence showed that the pipe had been on the premises of defendant for a considerable length of time, and that defendant, by casual inspection, could have ascertained whether the pipe was empty, as stated by Pierce to plaintiff, or whether it in fact contained paraffin oil or some other similar substance which would endanger plaintiff if he burned a hole in the pipe as he did. Likewise, whether plaintiff, upon discovering that there was a foreign substance in the pipe, should have exercised more care in inspecting it to determine what the substance was, and was guilty of contributory negligence in failing to use such care, was also a question for the jury.

Reversed, with directions to set aside the judgment and grant a new trial.

HURST, C.J., and BAYLESS, GIBSON, and ARNOLD, JJ., concur. DAVISON, V.C.J., and RILEY, WELCH, and CORN, JJ., dissent.