411 P.2d 763

**Felicia NICHOLS, Plaintiff-Appellant,**

**v.**

**Willis GODFREY and State of Idaho, Defendants-Respondents.**

**No. 9706.**

Supreme Court of Idaho.

March 4, 1966.

R. M. Whittier and L. Kim McDonald, Pocatello, for appellant.

Merrill & Merrill, Pocatello, for respondents.

**348**

McFADDEN, Chief Justice.

Mrs. Nichols, the plaintiff, instituted this action for damages for personal injuries she claims she suffered after being struck by a truck owned by the State of Idaho, and operated by defendant Godfrey. In her complaint she alleged that State had purchased liability insurance to cover the risk and accordingly waived its sovereign immunity from suit. The State and defendant Godfrey, moved for summary judgment under I.R.C.P. 56(b) and (c). The trial court granted the motion, dismissed the cause, and this appeal resulted. In granting the defendants' motion, the court determined there was no genuine issue as to any material facts disclosed by the pleadings, depositions and affidavits, and held that plaintiff at the time of her injury was covered by the Workmen's Compensation Law and her sole remedy was under the provisions of that act.

On September 9, 1963, plaintiff Felicia Nichols, a widow, was employed by the State of Idaho, at State Hospital South, Blackfoot, as a recreational, occupational industrial therapist technician. That day, she was working as a psychiatric aid, commencing work at 7:00 o'clock A.M., and completing her shift about 3:00 o'clock P.M., at which time she left the building where she worked. She walked west on a sidewalk on the southerly side of Alice Street, which runs east and west in Blackfoot and into the grounds of State Hospital South.

Plaintiff came to a "T" intersection where a sidewalk on the hospital grounds intersects with Alice street. Plaintiff stopped at this intersection waiting for a truck, owned by the Hospital and driven by defendant Willis Godfrey, to pass in front of her. The truck passed and stopped at the intersection. Plaintiff proceeded to cross the street behind the truck, when the truck backed up and struck her. Defendant Godfrey, a patient at the hospital, was operating the truck with the consent of the State of Idaho and under its direction and upon its business. At the time of the accident, it was shift changing time and there was considerable traffic along Alice street.

At the time of the accident plaintiff was walking to the lot where she had her car parked, planning to get her car and then drive home. This parking lot was on the grounds of State Hospital South and was provided by the State Hospital for use of its employees.

Under date of October 21, 1963, plaintiff submitted to the State Insurance Fund, surety for State Hospital South, a claim for compensation under the workmen's compensation law. Under date of October 17,

1963, her attorney wrote the Industrial Accident Board requesting advice as to whether "Notice of Accident" had been filed with the board, and advising the board if no notice had been filed that it would be done. The State Insurance Fund on the basis of this claim paid compensation to plaintiff and also paid doctor and medical bills. In an affidavit, plaintiff stated she was uninformed of the legal aspects of filing this claim, but in her deposition admitted that she understood she was getting compensation because she was injured while on the job with the State Hospital.

During the period involved in this cause, the State of Idaho maintained a liability insurance policy. (I.C. § 41–3505).

Plaintiff assigns error of trial court in granting defendant's motion for summary judgment, claiming there were genuine issues as to material facts still unresolved. In particular plaintiff asserts that the trial court was in error in determining that she was barred from maintaining this instant negligence action against defendant Godfrey, as an agent of the state, and against the state by reason of doctrine of respondeat superior and waiver of immunity by the state under the provisions of I.C. § 41–3505.

■ It is undisputed that plaintiff was an employee of the State of Idaho, which is insured with the State Insurance Fund; that the plaintiff was injured, and such in-

jury was caused by an accident. The principle issue remaining is whether such accident was one "arising out of and in the course of any employment covered by the Workmen's Compensation Law," for if she was injured under those circumstances, recovery under the provisions of the workmen's compensation law would be her only recourse against her employer, i. e., the State of Idaho. I.C. § 72–102; § 72–201; § 72–203; Cloughley v. Orange Transportation Co., 80 Idaho 226, 327 P.2d 369; White v. Ponozzo, 77 Idaho 276, 291 P.2d 843; French v. J. A. Terteling & Sons, Inc., 75 Idaho 480, 274 P.2d 990. As a secondary issue, the question arises as to whether plaintiff may maintain her action against respondent Godfrey, as a third party tortfeasor, even though she might be barred from maintaining her action against the State of Idaho, her employer, by reason of the provisions of the Workmen's Compensation Act. See: White v. Ponozzo, supra.

■ Plaintiff did not have to be actually engaged in the performance of the particular tasks of her employment at the time of the accident to have it arise out of and in the course of her employment. Jaynes v. Potlatch Forests, 75 Idaho 297, 271 P.2d 1016, 50 A.L.R.2d 356. In Eriksen v. Nez Perce County, 72 Idaho 1, 235 P.2d 736, in resolving an issue of when an accident arises out of and in the course of employment this Court quoted at length from Lar-

sen v. State Industrial Accident Commission, 135 Or. 137, 295 P. 195, 196, (which quotation was also reiterated in Kiger v. Idaho Corporation, 85 Idaho 424, 380 P.2d 208;) as follows:

> " ' * * * It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been exposed apart from the employment.' " 72 Idaho 6, 235 P.2d 738. (See also: 85 Idaho 430, 380 P.2d 210).

The accident sustained by plaintiff occurred on the premises of her em-

ployer. Although this fact in and of itself, is insufficient to establish that the accident arose out of and in the course of her employment, absent a showing of causal connection between the conditions existing on the employer's premises and the accident involved, it is a factor to be taken into consideration. In Burchett v. Anaconda Copper Min. Co., 48 Idaho 524, 530, 283 P. 515, 517, this court stated:

> "By the great weight of authority, injuries sustained by an employee upon premises owned or controlled by his employer are generally deemed to have arisen out of and in the course of the employment. Annotation, 49 A.L.R. 426–436(6). It has been said that the English cases, due to their clarity and the fact that they constituted original sources of interpretation at the adoption of our law, are entitled to great weight. McNicol's Case, 215 Mass. 497, 102 N.E. 697, L.R.A.1916A, 306, 4 N.C.C.A. 522. And in Longhurst v. John Stewart & Son, Ltd., 2 K.B. 803, 32 T.L.R. 722, W.C. & I.Rep. 292, 9 B.W.C.C. 605 (affirmed 1917 A.C. 249), it was observed by Lord Cozens-Hardy:

> " 'I think two propositions are established by the authorities: (a) The employment of a workman does not begin until he has left a public road, and it does not end until he has reached a public road. While on the road, he is

exercising his right as a member of the public, and not any right arising out of his contract of employment. (b) When the workman is on the employer's land, he would be a trespasser, but for the contract of employment, and he is within the protection of the Act, although the accident may happen when he is not actually at work, but is only going to or returning from his work.' "

See also: In re MacKenzie, 55 Idaho 663, 46 P.2d 73; Colson v. Steele, 73 Idaho 348, 252 P.2d 1049; Dutson v. Idaho Power Co., 57 Idaho 386, 65 P.2d 720; Skeen v. Sunshine Min. Co., 60 Idaho 741, 96 P.2d 497; Totton v. Long Lake Lumber Co., 61 Idaho 74, 97 P.2d 596. That plaintiff was not actually engaged in the performance of the tasks of her employment at the time of the accident is thus immaterial, for the act has been construed to afford coverage beyond the time of actual employment.

Although plaintiff had left her immediate place of employment and was enroute to her car to go home, she was still on the employer's premises at the time she was injured, by being struck by the truck operated by a patient of the hospital. These facts present the question whether there was an exposure to risk by reason of her employment from this source different and apart from the risk of her as an ordinary citizen, i. e., was there a causal connection between her employment and the injury sustained as mentioned in the following cases: Jaynes v. Potlatch Forests, 75 Idaho 297, 271 P.2d 1016, 50 A.L.R.2d 356; Burchett v. Anaconda Copper Mining Co., supra; Dutson v. Idaho Power Co., supra.

In Burchett v. Anaconda Copper Min. Co., supra, this court affirmed a determination that an employee who sustained an injury on the employer's premises as a result of a fall on a slippery walkway was entitled to compensation. Therein it was held as a matter of law that the accident was one that arose out of and in the course of employment.

In Dutson v. Idaho Power Co., supra, an employee of the power company was on his way to work traversing the only passageway available, which was furnished by the employer for such purpose. He was riding in an automobile that had overturned, and after getting out of it with others, was hit by another vehicle, or fell off a cliff in an attempt to escape the other car. This court affirmed the determination of the industrial accident board that the employee was killed by an accident that arose out of and in the course of his employment. Therein this court quoted from Burchett v. Anaconda Copper Min. Co., supra, as follows:

" 'In determining questions of this kind, each case must be decided with reference to its own attendant circumstances; * * * under a literal construction of the Workmen's Compensa-

tion Act, to effectuate its intent and purpose * * *.' "

In Jaynes v. Potlatch Forests, supra, an employee was killed when an automobile in which he was riding as a passenger was struck by a train as the automobile was crossing railroad over a public highway immediately after leaving the main entrance of the employer's premises. This court therein held as a matter of law that the accident and death arose out of and in the course of employment, and reversed the order of the industrial accident board denying death benefits to the employee's widow. In the opinion it was stated:

"A vast majority of the state courts, as well as the United States Supreme Court, have consistently declared and adhered to the doctrine that where an employee has been subjected to a peculiar risk, such as crossing railroad tracks under such facts and circumstances as hereinbefore detailed, there is such an obvious causal relation between the work and the hazard that the course of employment concept must be expanded to cover such employees, otherwise an injustice in the denial of compensation for an injury caused by the employment would result; it is a recognition of the causal connection between the conditions under which an employee must approach and leave the premises of the employer and the occur-

rence of the injury; it recognizes that the employment involves peculiar and abnormal exposure to a common peril which annexes itself as a risk incident to and inseparable from the employment; it is not necessarily based upon nearness to the plant nor upon reasonable distance therefrom or even identifying the surrounding area as an integral part of the premises for all practical purposes but upon a causal relationship between the work and the hazard."

■■ Defendant admitted the plaintiff's allegation in her complaint that defendant Godfrey drove the vehicle owned by the State of Idaho with the consent of the State and under its direction and upon its business. By plaintiff's deposition it is established that at the time of the accident defendant Godfrey was a patient of State Hospital South, and that at the time traffic on the street was heavy, it being the time of change of shifts. The facts here establish a causal relationship between the work and the hazard as fully as was done in the case of Jaynes v. Potlatch Forests, supra. When, as in a case such as this, there is no dispute as to the facts a question of law is presented, and thus the trial court did not err in its ruling that plaintiff's remedy against her employer was under the provisions of the workmen's compensation law.

■ ■ Whether plaintiff is entitled to proceed against defendant Godfrey, even

though she is barred from her negligence action against her employer, as above pointed out, it is admitted that defendant Godfrey was driving the State of Idaho vehicle with the consent of the State, under its direction and upon its business. There is no evidence as to his exact status insofar as the State is concerned, i. e., whether he was operating the truck as a paid employee, as a part of a rehabilitation program, as a volunteer or otherwise. This, however, is not material, inasmuch as it is admitted that Godfrey was operating the truck with the consent of the State and under its direction and upon its business, which recognizes that Godfrey was an agent of the state while engaged in this activity. In White v. Ponozzo, 77 Idaho 276, 291 P.2d 843, it was held that a co-employee is not a "third party" within the purview of I.C. § 72–204, and that an co-employee acting in the scope of his employment, who injures a fellow employee cannot be sued for damages, since the exemption extended to the employer from suits for damages is also extended to an employee acting as agent for his employer. In White v. Ponozzo, supra, it is stated:

> "The defendant, Dykes, being a co-employee of the plaintiff, is also exempt from liability of the Workmen's Compensation Law. As an employee acting within the scope of his employment, he was the agent of the employer. His acts and conduct became the acts and conduct of the employer, and the exemption from damages at law extended to the employer by the Workmen's Compensation Law is also by that act extended to co-employees through whom the employer acts. Thus, the co-employee becomes merged in the employer and is not a third person, within the meaning of the compensation law, against whom a damage action may be maintained." (citations.)

While in White v. Ponozzo, supra, the term "co-employee" was used, the relationship between that person and the employer was evaluated on the basis of a principal-agency relationship with the employee acting within the scope of the employment. In the instant case although it cannot be determined whether Godfrey was truly an employee of the state, the rule of White v. Ponozzo, supra, governs here; thus as to defendant Godfrey, the trial court also properly granted defendants' motion for summary judgment. See also: French v. J. A. Terteling & Sons, 75 Idaho 480, 274 P.2d 990; Cloughley v. Orange Transportation Co., 80 Idaho 226, 327 P.2d 369.

The summary judgment is affirmed.

Costs to respondents.

McQUADE, TAYLOR and SMITH, JJ., concur.

KNUDSON, J., sat at the argument, but retired from office prior to the decision.