335 So.2d 486 (1976)
June F. ROSHTO
v.
Mrs. Evelyn BAJON.
No. 10789.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
*487 Arthur H. Andrews, Baton Rouge, for appellant.
Jack T. Marionneaux, Plaquemine, for appellee.
Before SARATIN, CHIASSON and EDWARDS, JJ.
EDWARDS, Judge.
This suit began as a relatively minor demand for the return of a $50.00 rental deposit, plus "damages" and attorney's fees and ended up rather seriously in a judgment in favor of the defendant-landlord against the plaintiff-tenant for damages for the intentional infliction of emotional distress.
The factual background is somewhat interesting.
Plaintiff brought suit alleging that he entered into an oral contract of lease with defendant for a residence in White Castle, Louisiana, and that he was required to post a $50.00 advance security deposit. He further alleged that Mrs. Bajon failed to make the premises available in that a workman was doing remodeling work which impeded plaintiff's use of the residence; and that about 2 weeks after the giving of the deposit he demanded the return of same which was refused by defendant.
Based upon the provisions of R.S. 9:3251-3254 plaintiff sued for the return of the $50.00, damages as provided by law in the amount of $200.00, and attorney's fees of $250.00.
Defendant answered and reconvened for $1,000.00 as attorneys' fees under R.S. 9:3252 plus $15,000.00 damages for "mental pain and suffering, anxiety and loss of dignity, past, present and future."
The trial court rendered judgment denying plaintiffs' demand; and in favor of defendant (plaintiff-in-reconvention) in the sum of $500.00 "for emotional upset, mental pain, anxiety, and loss of dignity" plus legal interest and costs.
Roshto has appealed from the judgment assigning three specifications of error:
1. The court erred in finding as a matter of fact that Mr. Roshto cursed Mrs. Bajon and said "If you were a *488 man, I would beat the hell out of you" when he based such a finding upon the pleadings and closing argument of counsel, rather than upon the evidence presented at trial.
2. The court erred in finding that such an utterance in the context spoken was actionable.
3. Alternatively, the court erred in granting an excessive award for damages.
The appellee testified at trial that appellant cursed her and told her that "If you were a man, I would beat the hell out of you." The evidence in the record thus supports the trial court's finding of fact in this regard.
However, we agree with appellant that this utterance in the given context is not actionable.
Restatement, Torts, Second Edition, Section 46 reads:
"One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from it."
We hold in the instant context that the utterance "If you were a man, I would beat the hell out of you" is not that "extreme and outrageous conduct" as set forth in Section 46.
Mrs. Bajon is in the rental business. Landlord-tenant disputes are not uncommon. While we do not condone anger and harsh words as proper conduct in such instances, neither will we condemn such statements, as spoken herein, as "extreme and outrageous.
Both appellant and appellee testified that appellant also used curse words, but neither would specify further the content. We note that the term "cursing" embraces a multitude of sins, from mild vulgarity to obscenity and blasphemy; the term alone means many things to many people. We cannot say that "curse words," absent further amplification, are necessarily so outrageous as to constitute that conduct made actionable under Section 46, supra.
The decision of the trial court is reversed. Costs of the appeal are to be borne by appellee.
REVERSED AND RENDERED.