**Donna J. WAUGH, Individually, and Charles Waugh, In His Own Right**

v.

**GAUDIO BROS., INC., a Subsidiary of Penn Fruit Co., Inc.**

**Civ. A. No. 74–2477.**

United States District Court, E. D. Pennsylvania.

Sept. 14, 1976.

Gerald J. Pomerantz, Philadelphia, Pa., for plaintiffs.

Richard L. Goerwitz, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM

BECHTLE, District Judge.

Presently before the Court is defendant's motion seeking summary judgment[1] in its favor upon the claim of Charles Waugh in this diversity action. For the reasons stated below, the Court will dismiss the claim of Charles Waugh set forth in Count II of the complaint.

The facts, as alleged in the complaint, are as follows: Charles Waugh is the father of Donna Waugh. In October, 1973, Donna Waugh was employed as a cashier at a hotel. At that time, she was subjected to a series of "interrogations" conducted by supervisory personnel at the hotel concerning her honesty and integrity. In December, 1973, conversations were held between management personnel of the hotel and management personnel of defendant, presumably her former employer, which resulted in the termination of Donna Waugh's employment at the hotel. The complaint alleges that defendant's personnel defamed her character by informing the hotel that she was a thief, although they knew that the charge was untrue when they "falsely and maliciously" made it. Charles Waugh alleges that "as a direct and immediate result" of learning of defendant's defamation of his daughter, he became so upset and distraught that a prior coronary condition was aggravated and he suffered a coronary attack of a disabling nature, resulting

---

1. The crux of defendant's motion is that, accepting the facts set forth in the complaint as true, plaintiff Charles Waugh has failed to state a claim upon which relief can be granted. The Court will treat this motion as one to dismiss the claim of Charles Waugh pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, rather than as a Rule 56 summary judgment motion. By doing this, we prevent defendant from unintentionally painting itself into a procedural corner.

The facts which form the basis for Donna Waugh's claim against defendant are all incorporated into the claim of Charles Waugh. If the Court were to grant defendant's motion for summary judgment here on the basis of the facts in the complaint, Fed.R.Civ.P. 56(d) might serve to bar defendant from subsequently disputing those facts in a trial on the claim of Donna Waugh. That rule provides that, if a Rule 56 motion results in a judgment not "upon the whole case," the Court's ruling should specify "the facts that appear without substantial controversy" and "the facts so specified shall be deemed established" at a later trial of the case. Treating this as a motion to dismiss adequately preserves the legal issue presented without unnecessarily binding defendant to a set of facts which it may later wish to dispute.

in his great emotional distress and economic hardship.

The question presented to the Court is whether Charles Waugh has stated a cause of action under Pennsylvania law. Although it is admitted that there is no Pennsylvania authority squarely holding that a parent has a cause of action for emotional distress resulting from the intentional defamation of a child, Waugh argues that such a result is suggested by *Papieves v. Lawrence*, 437 Pa. 373, 263 A.2d 118 (1970) and *Restatement (Second) of Torts* § 46 (1965).[2] We disagree.

In *Papieves*, plaintiffs alleged that they had suffered emotional disturbance and mental anguish as a direct consequence of the defendants' intentional acts of withholding the body of their slain son from them and burying it without authorization. The Supreme Court of Pennsylvania held that these allegations stated a cause of action sufficient to withstand a demurrer and recognized "the right of a decedent's nearest relatives to protection against intentional, outrageous or wanton conduct which is peculiarly calculated to cause them serious mental or emotional distress." 437 Pa. at 378, 263 A.2d at 121. The *Papieves* court acknowledged the developing line of authority holding that freedom from mental distress directly caused by wanton or outrageous conduct is entitled to legal protection independent of any other cause of action,

but, at the same time, recognized that "the law cannot serve to guarantee all men's peace of mind" and that "any extension of legal liability to acts which cause emotional distress is not without its problems." *Id.* at 378–379, 263 A.2d at 121.

■ We believe that sustaining Charles Waugh's claim in this case would result in an unwarranted extension of Pennsylvania law beyond its present state. Assuming, *arguendo*, that Section 46 of the Restatement (Second) of Torts has been adopted in its entirety as the law of Pennsylvania and that the defamation alleged here would qualify as extreme and outrageous conduct "beyond all possible bounds of decency" and "utterly intolerable in a civilized community" within the meaning of comment *d* to that section, we do not believe that this is one of those rare situations in which the plaintiff's presence at the time of defendant's conduct is unnecessary. *See Restatement (Second) of Torts* § 46(2)(a) and comment *l*.[3]

■ There may possibly be a set of facts which would justify the recognition of a cause of action in favor of persons who suffer severe emotional distress due to the defamation of a member of their immediate family which comes to their attention sometime after it occurs. We only hold that to create such a new class of potential plaintiffs based on the facts in this case would

---

**2.** Section 46 of the Restatement (Second) of Torts provides:

Outrageous Conduct Causing Severe Emotional Distress

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

(2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress

(a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or

(b) to any other person who is present at the time, if such distress results in bodily harm.

**3.** Defendant's remarks here apparently had an original exposure confined to Donna Waugh's employer. Charles Waugh only became aware of defendant's allegedly defamatory remarks when his daughter informed him of them. The fact that Charles Waugh would probably have never learned of defendant's conduct if his daughter had not informed him of it also raises a serious question concerning whether defendant's conduct was "peculiarly calculated to cause" the severe emotional distress and resultant bodily harm allegedly suffered by Charles Waugh. *See Papieves v. Lawrence, supra,* 437 Pa. at 378, 263 A.2d at 121. The Restatement (Second) of Torts also requires a showing that plaintiff's injuries were caused "intentionally or recklessly." *See* § 46, *supra* at comment *i.*

not be a proper elaboration of current Pennsylvania law. *Cf. Conway v. Spitz*, 407 F.Supp. 536 (E.D.Pa.1975).[4]

An appropriate Order will be entered.

4. We also note that, under Pennsylvania law, members of a family may not sue for defamation of a relative. *Klauder v. Philadelphia Newspapers, Inc.*, 66 D. & C.2d 271, 276 (Phila. Cty.Com.Pl.1973). The cause of action which Charles Waugh seeks to establish here would effectively circumvent this rule.