659 P.2d 87

Patricia YEEND, Plaintiff-Appellant,

v.

UNITED PARCEL SERVICE, INC., a foreign corporation, and Howard Clement, Defendant-Respondents.

No. 14332.

Supreme Court of Idaho.

Dec. 29, 1982.

Rehearing Denied March 4, 1983.

Starr Kelso, Coeur d'Alene, for plaintiff-appellant.

B. Newal Squyres, Jr., of Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for defendants-respondents.

BAKES, Chief Justice.

The facts in this appeal are virtually undisputed. On or about December 27, 1978, plaintiff appellant, Patricia Yeend, in the course of her employment with defendant respondent, United Parcel Service, Inc. (UPS), slipped and fell while delivering a package and sustained injury to her back and shoulders. Appellant telephoned her employer, UPS, at the Coeur d'Alene office and informed an employee of the accident and the severe pain she was suffering. The employee stated that he would try to locate the UPS manager, defendant respondent Clement, and directed appellant to call back. After approximately twenty minutes, appellant again called UPS and was informed that respondent Clement had instructed appellant to continue her route. Appellant attempted to resume her route but, unable to make deliveries, once again called the UPS office. Respondent Clement, again via an employee, instructed appellant that she must continue to drive on her route, but sent another employee to carry the packages for her.

Appellant applied for and received certain workman's compensation benefits, including temporary total disability payments and medical expense payments for the physical injuries she suffered in the accident. In her affidavit she stated that "she HAS NOT filed an application for workmen's compensation benefits with the Idaho State Industrial Commission for the severe emotional distress and pain and suffering that she suffered when she was forced by her employer ... to continue working ...."

334

Appellant filed her complaint in this action on December 23, 1980, alleging that respondent UPS, by and through respondent Clement's instructions to appellant to continue her route "intentionally and recklessly subjected the Plaintiff to severe emotional distress, pain and suffering so that its packages could be delivered." Defendant respondents filed an amended motion for summary judgment on February 27, 1981, on the ground that appellant's exclusive remedy existed in Idaho's workmen's compensation laws, chapter 2, Title 72, Idaho Code. The trial court granted respondents' motion for summary judgment, and appellant perfected this appeal.

The issue to be decided on appeal is whether the trial court erred in determining as a matter of law that appellant's action was barred by the exclusive remedy provisions of the Idaho Workmen's Compensation Act. Appellant alleges the emotional trauma she suffered is a compensable injury under the common law action for intentional infliction of emotional distress, citing *Hatfield v. Max Rouse & Sons Northwest*, 100 Idaho 840, 606 P.2d 944 (1980),[1] but is not a compensable "injury" under the workmen's compensation statutes, nor barred by the exclusive remedy provisions of the Workmen's Compensation Act. We disagree.

■ To recover in a separate action against an employer, a plaintiff must allege the existence of a tort not covered by the workmen's compensation statute. This the plaintiff has failed to do. Taking all of the facts alleged in plaintiff's complaint and affidavit as true, as we must in this summary judgment proceeding, the only allegation of wrongdoing on the part of the defendants is the allegation that defendant Howard Clement twice directed plaintiff to continue working after she informed him that she had been injured in a fall. These allegations, even if proven and viewed most favorably to the plaintiff, are not sufficient as a matter of law to have justified submission of the intentional tort issue to the jury. *See Hatfield v. Max Rouse & Sons Northwest*, 100 Idaho 840, 606 P.2d 944 (1980); *Wade v. Ford Motor Credit Co.*, 455 F.Supp. 147 (E.D.Mo.1978); *Waugh v. Gaudio Bros., Inc.*, 422 F.Supp. 392 (E.D.Pa.1976); *Beidler v. W.R. Grace, Inc.*, 461 F.Supp. 1013 (E.D.Pa.1978), *aff'd* 609 F.2d 500 (3rd Cir.1979); *Rondelli v. Pima Co.*, 120 Ariz. 483, 586 P.2d 1295 (App.1978); *Roshto v. Bajon*, 335 So.2d 486 (La.App.1976); *Jones v. Harris*, 35 Md. App. 556, 371 A.2d 1104 (1977), *aff'd* 281 Md. 560, 380 A.2d 611.

■ Since we conclude that appellant's claim for emotional distress did not constitute a separate tort of outrage under *Hatfield v. Rouse, supra,* any such claim, to the extent that it constituted a neurosis or other psychological condition traceable in part to an industrial accident and injury is compensable under the workmen's compensation scheme. *See Skelly v. Sunshine Mine Co.*, 62 Idaho 192, 109 P.2d 622 (1941); *Provo v. Bunker Hill Co.*, 393 F.Supp. 778 (D.Idaho 1979). Idaho workmen's compensation laws provide the exclusive remedy of an employee against his employer for injuries arising out of and in the course of employment. I.C. §§ 72–201, –209, and –211. *Provo v. Bunker Hill Co.*, 393 F.Supp. 778 (D.Idaho 1979); *Tucker v. Union Oil Co. of Calif.*, 100 Idaho 590, 603 P.2d 156 (1979); *Adam v. Titan Equipment Supply Corp.*, 93 Idaho 644, 470 P.2d 409 (1970); *Nichols v. Godfrey*, 90 Idaho 345, 411 P.2d 763 (1966).[2]

1. In *Summers v. Western Idaho Potato Processing Co.*, 94 Idaho 1, 479 P.2d 292 (1970), this Court held that there is no "common law right of recovery for purely emotional trauma, negligently caused." In *Hatfield v. Rouse, supra,* this Court recognized a developing tort law action of intentional infliction of emotional distress, but held as a matter of law that the facts in that case did not come within the developing tort of "outrage" referred to in section 46 of the Restatement (Second) of Torts.

2. Injuries not covered by the Workmen's Compensation Act are set out in I.C. § 72–208. The exemptions from common law liability given to an employer by I.C. § 72–209 "shall not apply in any case where the injury or death is proximately caused by the wilful or unprovoked physical aggression of the employer, its officers, agents, servants or employees, the loss of

Thus we hold that in the present case the plaintiff has not alleged facts sufficient to withstand a motion for summary judgment and thus affirm the trial court's grant of summary judgment to the defendants.[3]

SHEPARD, J., and SCOGGIN, J. Pro Tem., concur.

HUNTLEY, Justice, dissenting.

I must respectfully dissent from the majority opinion for three reasons:

(1) The majority misinterprets the workmen's compensation statutes of Idaho as to the types of injuries that are included within their purview; and

(2) The trial court in granting summary judgment, and the majority in affirming summary judgment, are joined together in usurping the factfinding function of the jury in the critical threshold issue of the case.

(3) The majority opinion decides the case on an additional factual basis, neither argued in the trial court nor utilized by the trial court as a foundation to its order granting summary judgment; that is, this court rules as a matter of law on appeal that the facts as pleaded and contained in the record do not rise to the level of outrageous conduct by the employer.

I

The terms "injury" and "accident" are defined in I.C. § 72–102(14), as follows:

"(4) 'Injury' and 'accident.'

(a) 'Injury' means a personal injury caused by an accident arising out of and in the course of any employment covered by the workmen's compensation law.

(b) 'Accident' means an unexpected, undesigned, and unlooked for mishap, or untoward event, connected with the industry in which it occurs, and which can be reasonably located as to time when and place where it occurred, causing an injury.

(c) 'Injury' and 'personal injury' shall be construed to include only an injury caused by an accident, which results in violence to the physical structure of the body. The terms shall in no case be construed to include an occupational disease and only such nonoccupational diseases as result directly from an injury."

Certainly the event involved in this case is not an "accident . . . connected with the industry in which it occurs . . ."; and, with respect to subsection (c), no case in Idaho has ever defined this type of incident as being one which "results in violence to the physical structure of the body . . . ." In any event, that would be a jury question.

Furthermore, can an *intentional* tort ever be defined pursuant to subsection (b) as being an "*unexpected, undesigned* and *unlooked for mishap*"?

Finally, on the matter of statutory construction, I.C. § 72–209(3) provides that willful or unprovoked torts of the employer are exempted from workmen's compensation liability. That section, which was last amended in 1971, provided that the workmen's compensation act does not apply "where the injury or death is proximately caused by the willful or unprovoked *physical* aggression of the employer . . . ." (Emphasis supplied.)

This statute was enacted at a time in Idaho history when we did not have a common law cause of action for "intentional or

---

such exemption applying only to the aggressor and shall not be imputable to the employer unless provoked or authorized by the employer, or the employer was a party thereto." I.C. § 72–209(3).

**3.** The dissent argues that disposition of this case in this manner deprives plaintiff of due process because this issue was not previously raised by the parties. We cannot confirm this argument because there is no verbatim transcript of the summary judgment hearing in the

record. However, the respondent does argue in its brief on appeal that: "The district court properly held that under Idaho law the circumstances of the case at bar fall short of establishing a basis for an employee to recover at common law for damages allegedly resulting from an on-the-job accident."

It thus appears that, at least in respondent's view, this was an issue raised on appeal, and that the trial court's judgment properly disposed of the issue.

reckless infliction of emotional distress," that type of action being first recognized in Idaho with this court's decision in *Hatfield v. Max Rouse & Sons Northwest,* 100 Idaho 840, 606 P.2d 944 (1980). Since the Idaho Legislature evidenced an intent to exclude willful and unprovoked acts by the employer from workmen's compensation coverage, it is likely that had there been a cause of action for intentional or reckless infliction of emotional distress (absent direct physical contact) at the time the statute was enacted, that type of willful action by an employer would have been excluded along with the physical aggression.

The majority opinion asserts:

"[t]he injury is compensable under the workman's compensation scheme."

However, the majority does not favor us with any authority or reasoning process whereby an *intentional* act comes within the *accident* definition in I.C. § 72–102(14).

## II

With respect to usurpation of the fact-finding function of the jury, there is one critical issue in this case which is a factual determination, without which factual determination by the trial court (and by this court in affirming), dismissal on summary judgment could not stand.

The trial court in its opinion ruled as a matter of law that the trauma involved with the telephone conversation "stemmed from" the injury in the parking lot, whereas the appellant asserts that the fall in the parking lot and the trauma of the telephone call are two separate incidents. Surely that is a jury question, and although we might be inclined, were we sitting as a jury, to agree with the respondent, that is not our function.[1]

In 1976 this court stated:

"There is another question, however, which arises concerning the resolution of the jurisdictional issue. Although factual questions are normally left for the jury in jury trials, there have been cases from other states holding that the jurisdictional question whether a plaintiff is within or without the scope of workmen's compensation coverage must be decided by the trial judge rather than the jury. E.g., *Morgan v. Hays,* 102 Ariz. 150, 426 P.2d 647, cert. denied, 389 U.S. 859, 88 S.Ct. 105, 19 L.Ed.2d 125 (1967); *Cornelison v. Seabold,* 254 Or. 401, 460 P.2d 1009 (1969). However, it appears that the weight of authority in the western states is to submit questions of fact determining the applicability of workmen's compensation laws to the trier of fact. E.g., *Miller v. Long Beach Oil Development Co.,* 167 Cal.App.2d 546, 334 P.2d 695 (1959); *J & K Construction Co. v. Molton,* 154 Colo. 214, 390 P.2d 68 (1964); *Addison v. Tessier,* 62 N.M. 120, 305 P.2d 1067 (1957); *Southwestern Bell Telephone Co. v. Ward,* 200 Okl. 315, 193 P.2d 569 (1948). No cases have been cited to us in which Idaho has squarely faced this question. In our opinion, the better rule and the rule we adopt, is to submit these questions to a jury. To do otherwise in this case is to invade the province of the jury. The jury's determination of whether the decedent was an independent contractor or an employee not only bears upon the issue of the court's jurisdiction; it also bears upon the standard of care that Gailey owed to the decedent under the common law of tort. Thus, it is the type of factual question traditionally given to the jury in a jury trial, and it was proper to submit this issue to the jury. Idaho Constitution, Art. 1, § 7." *Anderson v. Gailey,* 97 Idaho 813, 820–21, 555 P.2d 144, 151–52 (1976).

Although the trial and appellate courts of Idaho are developing more and more expertise in resolving jury-type factual questions (because we all too frequently gain experience by doing so), we should restrain ourselves.

---

1. Suppose that instead of falling in the parking area, the plaintiff's back injury had been caused by the battery of a third party tort-feasor, followed by the telephone incident, and the issue was put to us, would we not rule that there were two separate torts and two separate tort-feasors, albeit that the first set up the circumstances for the second to occur and the second no doubt aggravated the damages flowing from the first?

## III

The majority result is premised upon the following statement in its opinion:

"Since we conclude that appellant's claim for emotional distress did not constitute a separate tort of outrage under *Hatfield v. Rouse, supra,* any such claim, to the extent that it constituted a neurosis or other psychological condition traceable in part to an industrial accident and injury is compensable under the workmen's compensation scheme."

There is one difficulty with that analysis.

Since the issue of whether or not the acts alleged were sufficiently outrageous to constitute the tort of intentional infliction of emotional distress was not presented in the trial court, was not discussed or utilized by the trial court in granting summary judgment, and was not an issue specified on appeal, that matter cannot properly be raised by this court at the appellate level on its own motion and utilized as a basis for determining the appeal.

The proposition that it is for the courts and not the jury to determine whether certain acts constitute "outrageous" conduct, as the majority interprets *Rouse, supra,* is dubious at best. For this court to make that determination on appeal when the issue was never raised by the litigants either in the trial court or in the appellate court, seems clearly to violate recognized and proper parameters of appellate procedure.

Had the issue been raised by UPS in the trial court in its summary judgment motion, Yeend would have had opportunity to supply affidavits in opposition thereto. By deciding the case on a basis not presented below, we have effectively deprived Yeend of due process protection of Rule 56.

DONALDSON, J., concurs.