739 P.2d 337

Anneliese WEST, individually, and By and Through E. James Parkinson, Conservator, and Walter J. West, Plaintiffs-Appellants Cross-Respondents,

v.

STATE of Idaho, Industrial Commission of the State of Idaho; Pauline E. Nielsen, Defendants-Respondents Cross-Appellants,

and

State Insurance Fund; Merle Parsley; Janet Morris; and John Does I through V, Defendants-Respondents.

No. 16480.

Supreme Court of Idaho.

May 27, 1987.

Amy Schipper Howe, of Bistline Law Office, Boise, for plaintiffs-appellants cross-respondents.

John P. Howard, Quane, Smith, Howard & Hull, Boise, for defendant-respondent cross-appellant State of Idaho Indus. Com'n.

Robert M. Tyler, Jr., Elam, Burke and Boyd, Boise, for defendant-respondent State Ins. Fund.

SHEPARD, Chief Justice.

This is an appeal from an order of the district court dismissing an action filed by West against the State Industrial Commission and the State Insurance Fund and several of their respective employees, and presents solely a question of the jurisdiction of the district court, *vis a vis* the jurisdiction of the Industrial Commission. We remand the cause to the district court

and order that the action be suspended pending the resolution of proceedings before the Industrial Commission.

In 1979 West was an employee of the Idaho State School and Hospital, and in the course and scope of her employment received a severe head injury. She filed a notice of injury and sought benefits under Idaho's workmen's compensation laws. Those proceedings were concluded when West executed a lump sum agreement with the surety, State Insurance Fund, to the effect that West's disability was equivalent to 45 percent of the whole person, and settling the cause for the sum of $60,000.00. That lump sum agreement was approved by the Industrial Commission. At some point in time West filed a motion with the Industrial Commission to set aside that lump sum award and reopen the proceedings.

In the action before the district court it is alleged that in the initial proceedings before the Industrial Commission, West was represented by an attorney, but nevertheless, without the advice, knowledge or consent of her attorney, defendants Morris and Nielsen who were employees of the Commission and the surety, took advantage of West's alleged mental disability and persuaded her to sign the lump sum agreement and negotiate a settlement for a much smaller sum than would otherwise be due.

The district court based its dismissal of West's complaint on the exclusive jurisdiction of the Industrial Commission to adjudicate all claims arising out of an industrial accident, and noted that proceedings then were, and still are, pending before the Commission on West's motion to set aside the lump sum award and reopen her claim.

In Idaho the workmen's compensation statutes provide the exclusive remedy for injuries attributable to a job-related occurrence, and all civil actions therefore have been abolished. *Cope v. State of Idaho,* 108 Idaho 416, 700 P.2d 38 (1985); *Yeend v. United Parcel Service, Inc.,* 104 Idaho 333, 659 P.2d 87 (1982), *reh. denied* March 4,

1983; *Anderson v. Gailey,* 97 Idaho 813, 555 P.2d 144 (1976).

I.C. § 72–707 provides:

**Commission has jurisdiction of disputes.**—All questions arising under this law, if not settled by agreement or stipulation of the interested parties with the approval of the commission, except as otherwise herein provided, shall be determined by the commission.

I.C. § 72–733 deprives our state courts of any jurisdiction over matters involving workmen's compensation stating:

**Limited jurisdiction of courts.**—Except as herein provided, no court of this state shall have jurisdiction to review, vacate, set aside, reverse, revise, correct, amend or annul any order or award of the commission, or to suspend or delay the execution or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its duties.

I.C. § 72–211 provides:

**Exclusiveness of employee's remedy.**—Subject to the provisions of section 72–223, the rights and remedies herein granted to an employee on account of an injury or occupational disease for which he is entitled to compensation under this law shall exclude all other rights and remedies of the employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or disease.

It is clear that the essence of West's complaint before the district court is that she was injured in an industrial accident and received an inadequate award for those injuries. Presently pending before the Commission is West's motion to set aside the award and reopen the proceedings. It is likewise clear that the district courts are expressly forbidden to exercise any jurisdiction in any cause seeking to in any way interfere with the actions or jurisdiction of the Industrial Commission. The Industrial Commission must be given the opportunity to properly exercise its jurisdiction and rule upon West's motion to reopen, seeking additional workmen's compensation benefits for her industrial injury. Thereafter, the district court possesses no jurisdiction to

review those actions of the Industrial Commission. We expressly refrain from expressing any opinion as to whether West's allegations of alleged tortious actions on behalf of the Commission and the State Insurance Fund and its respective employees are severable from her claim pending before the Industrial Commission, or whether West's alleged damages resulting from the alleged tortious acts of the defendants are traceable in part to the industrial accident and therefore compensable under the workmen's compensation scheme. *See Yeend v. United Parcel Service, Inc., supra.*

We hold that the order of the district court insofar as the court deferred jurisdiction to the Industrial Commission, was correct. That portion of the order of the trial court dismissing plaintiff's complaint is reversed and remanded to the district court with instructions that proceedings in the cause be suspended during the Industrial Commission's exercise of its jurisdiction and its ultimate disposition of West's workmen's compensation proceedings. No costs allowed.

DONALDSON, BAKES and HUNTLEY, JJ., and WALTERS, J. Pro Tem, concur.