890 P.2d 727

STATE of Idaho, DEPARTMENT OF HEALTH & WELFARE, ex rel. Tammy LISBY, Plaintiff–Appellant/Cross Respondent,

v.

Michael LISBY, Defendant–Respondent/Cross Appellant.

No. 20794.

Supreme Court of Idaho,
Boise, December 1994 Term.

Feb. 16, 1995.

Larry Echohawk, Atty. Gen., Margaret C. Lawless, Deputy Atty. General, Boise, for appellant. Margaret Lawless argued.

Lawrence E. Kirkendall, Boise, for respondent.

McDEVITT, Chief Justice.

## I.

### BACKGROUND AND FACTS

The facts in this case are undisputed. Michael Lisby (Lisby) owed child support and arrearages for his children from two marriages. Lisby also owed child support, arrearages, and paternity testing costs for another child later determined to be his. On February 1, 1989, judgment was entered against Lisby, in the amount of $23,899.10, for child support arrearages. On August 8, 1988, Lisby injured his back in an industrial accident. On November 16, 1992, Lisby entered into an agreement with his employer, Masco, Inc., and the Idaho State Insurance Fund (S.I.F.). Under the agreement, Lisby was awarded a lump sum settlement of worker's compensation benefits for his injuries. The settlement award totalled $39,456.13, from which previously paid disability payments were deducted. After those deductions, the settlement totalled $27,000.00. The parties released attorney fees, advanced costs, and outstanding medical costs from the

$27,000.00 lump sum settlement award, leaving $16,799.69 as the net amount due Lisby.

Before the settlement award was paid to Lisby, the Department of Health and Welfare, Bureau of Child Support Enforcement (the Department) garnished the settlement for payment of child support arrearages. At the time of garnishment, Lisby was in arrears in his child support payments in the amount of $33,130.90. The total amount of back child support exceeded the amount due Lisby under the lump sum settlement agreement.

Lisby filed a claim of exemption under Idaho Code §§ 11–603 and 11–207 on November 24, 1992 against Debbie Lisby, Lisby's second wife. Lisby filed a second claim of exemption on December 4, 1992 against the Department asserting the same exemptions. The cases against Lisby for child support arrearages were consolidated on December 31, 1992 to determine Lisby's exemption claims. The matter was submitted to the magistrate court.

In its memorandum decision and order, the magistrate court held that Lisby was not entitled to exemption from garnishment of the lump sum workers' compensation settlement pursuant to I.C. §§ 7–1203 and 72–802. The magistrate court held that the portion of the lump sum settlement award allocated for future medical benefits was not subject to exemption under I.C. § 11–603(5) because nothing in the settlement agreement required that Lisby actually spend the money on medical expenses. The magistrate court also determined that I.C. § 11–207 was not applicable because that provision allows for exemptions from garnishment of weekly wages and Lisby was awarded a lump sum settlement.

Lisby appealed the decision of the magistrate court. On appeal, the district court reversed the magistrate court's decision and ruled that I.C. § 7–1204(7) limited the amounts subject to garnishment. The district court held that deductions of the attorney fees must be added back in to the settlement amount to arrive at the total amount due under the settlement. From that sum, the district court determined that, pursuant to I.C. 11–207(2), only fifty-five percent (55%) of the full amount of the settlement award was available for past due child support.

The district court agreed with the magistrate court to the extent that the portion of the award allocated for future medical benefits was not exempt from garnishment. The Department appealed the decision of the district court. On appeal, the Department argues that Lisby was not entitled to exemption from execution and garnishment on the workers' compensation lump sum settlement and that the district court erred in limiting garnishment of the settlement to fifty-five percent (55%). The Department also argues that the district court erred in not extending judicial deference to the S.I.F.'s interpretation of I.C. § 11–207 as it applies to a lump sum payment of workers' compensation benefits.

Lisby cross-appeals and contends that the district court erred in failing to exempt from garnishment the portion of the workers' compensation settlement award for future medical benefits as provided in I.C. § 11–603. Lisby also argues that the district court erred in holding that attorney fees deducted from the lump sum settlement should be included in the sum used to calculate the percentages under I.C. § 11–207. There are no disputed issues of fact on appeal.

## II.

### STANDARD OF REVIEW

When this Court reviews issues decided by the magistrate court, which are then presented to the district court on appeal, this Court reviews the magistrate court's decision independently of, but with due regard for, the district court's appellate decision. *Ireland v. Ireland,* 123 Idaho 955, 957–58, 855 P.2d 40, 42–43 (1993). This Court will uphold the findings of the magistrate court if the findings are supported by substantial and competent evidence. *McNelis v. McNelis,* 119 Idaho 349, 351, 806 P.2d 442, 444 (1991). However, issues of law are freely reviewed by this Court. *In re Mundell,* 124 Idaho 152, 153, 857 P.2d 631, 632 (1993). No questions of fact are presented on appeal, so this Court may freely review the issues on appeal.

## III.

### ONLY FIFTY–FIVE PERCENT (55%) OF THE LUMP SUM WORKERS' COMPENSATION SETTLEMENT AWARD MAY BE GARNISHED FOR PAYMENT OF PAST DUE CHILD SUPPORT PAYMENTS, AS LIMITED BY IDAHO CODE § 11–207

This Court has not addressed the issue of whether and to what extent a lump sum award of workers' compensation benefits may be garnished to pay past due child support obligations. The magistrate court held that Lisby's lump sum workers' compensation settlement award was not exempt from garnishment for payment of past due child support, pursuant to I.C. §§ 7–1203 and 72–802. The magistrate court determined that I.C. § 11–207 was not applicable because that provision only contemplated garnishment of weekly wages, and Lisby was awarded a lump sum payment.

Statutory interpretation begins with an examination of the literal words of the statute. *Grand Canyon Dories v. Tax Comm'n*, 124 Idaho 1, 5, 855 P.2d 462, 466 (1993). The language of the statute is to be given its plain, obvious and rational meaning. *Id.* Where statutes are *in pari materia* (relating to the same subject matter), they should be construed together to give effect to legislative intent. *Dewey v. Merrill*, 124 Idaho 201, 204, 858 P.2d 740, 743 (1993).

Title 72 of the Idaho Code outlines the laws governing workers' compensation law. I.C. § 72–101 to 1472. Idaho Code 72–802 exempts all workers' compensation awards from creditors' claims. I.C. § 72–802. Excepted from the exemption rule are claims for the enforcement of a support order under Idaho Code Title 7, Chapter 12. *Id.*

Title 7, Chapter 12 of the Idaho Code sets forth the remedies available to the Department for the enforcement of child support orders. I.C. § 7–1203. Idaho Code § 7–1203(5) grants the Department the authority to "attach, garnish, or intercept and withhold a portion of any workmen's compensation benefits which are payable to an obligor pursuant to Title 72, Idaho Code." *Id.* Idaho Code 7–1204, which provides for the with-

holding of income for the enforcement of child support orders, limits the amount an obligor's income may be garnished to the amount specified in I.C. § 11–207. I.C. § 7–1204(7). Idaho Code § 11–207 limits the amount subject to garnishment to fifty-five percent (55%) of the aggregate disposable weekly earnings, where the obligor is supporting a dependent child and the garnishment is to enforce a support order that is twelve weeks past-due. I.C. § 11–207.

From the language of I.C. § 7–1203 standing alone, it is unclear what "portion" of the benefits payable to the obligor is subject to garnishment. Under a plain reading of the combined statutes, workers' compensation benefits are subject to garnishment for payment of child support obligations, but the amount which may be garnished is limited to fifty-five percent (55%) of the benefits. I.C. §§ 7–1203, 7–1204(7), 11–207. Although I.C. § 11–207 speaks in terms of weekly aggregate disposable earnings, I.C. § 7–1204 provides for the withholding of "income." Income is defined as any form of payment to an individual, including workers' compensation awards. Under I.C. 7–1204(7), the amount of "income" which may be withheld may not exceed the amount specified I.C. § 11–207. The amount specified in that provision is fifty-five percent (55%). Thus, fifty-five percent (55%) of the workers' compensation benefits payable to Lisby is the "portion" of the workers' compensation settlement which is subject to garnishment.

## IV.

### THIS COURT NEED NOT EXTEND JUDICIAL DEFERENCE TO THE IDAHO STATE INSURANCE FUND'S INTERPRETATION OF IDAHO CODE § 11–207.

The Department argues that judicial deference should be extended to the S.I.F.'s interpretation of workers' compensation law. We disagree.

The Department urges the application of a four-prong test to determine the amount of deference to be given an agency's construction of a statute: (1) whether the agency has

been entrusted with the responsibility of administering the statute at issue, (2) whether the agency's statutory construction is reasonable, (3) whether the statutory language expressly treats the precise question at issue, and (4) if all three prongs are met, then the court must determine whether any of the rationales underlying the rule of deference are present. *J.R. Simplot Co. v. Idaho State Tax Comm'n*, 120 Idaho 849, 862, 820 P.2d 1206, 1219 (1991).

■ The S.I.F. fails to meet the first prong of the *Simplot* test because the agency is not authorized to administer the statutes governing the enforcement of child support orders or the statutes governing the workers' compensation laws. The bureau of child support enforcement, department of health and welfare of the State of Idaho has the responsibility of enforcing child support orders. I.C. §§ 7-1202 to 1206. The Industrial Commission has exclusive jurisdiction over claims for injuries arising out of and in the course of employment. *See* I.C. §§ 72-201, 72-211, 72-707, 72-733; *see also West v. State*, 112 Idaho 1038, 1039-40, 739 P.2d 337, 338-39 (1987); *Henderson v. State*, 110 Idaho 308, 309, 715 P.2d 978, 979, *cert. denied*, 477 U.S. 907, 106 S.Ct. 3282, 91 L.Ed.2d 571 (1986).

The S.I.F. is charged with the responsibility of insuring employers against liability under the Workman's Compensation Act, Idaho Code Title 72, Chapter 9; I.C. § 72-901. Thus the S.I.F. fails the first requirement of the *Simplot* test because it is not the agency responsible for administering the applicable statutes. Having failed to meet the first prong, no judicial deference is given the statutory interpretation of the S.I.F.

## V.

### THE PORTION OF THE WORKERS' COMPENSATION SETTLEMENT AWARD ALLOCATED FOR FUTURE MEDICAL BENEFITS IS EXEMPT FROM GARNISHMENT PURSUANT TO IDAHO CODE § 11-603.

In the lump sum workers' compensation settlement, Lisby was awarded $3,412.50 for future medical benefits. The magistrate court held that this portion of the award was not exempt from execution under I.C. § 11-603(5) because nothing in the settlement required Lisby to use the money for medical expenses.

■ I.C. § 11-603(5) provides that an individual is entitled to exemption for "benefits payable for medical, surgical, or hospital care." Nothing in the provision limits the exemption to past or present medical benefits. The lump sum agreement designated and awarded medical benefits to Lisby. These medical benefits are exempt from garnishment under I.C. § 11-603.

## VI.

### ATTORNEY FEES ARE NOT TO BE ADDED BACK INTO THE LUMP SUM SETTLEMENT FOR THE PURPOSE OF CALCULATING THE AMOUNTS SUBJECT TO GARNISHMENT UNDER IDAHO CODE § 11-207.

The district court held that the attorney fees deducted from the lump sum settlement agreement must be added back into the settlement amount and fifty-five percent of that sum would be subject to garnishment. Lisby argues that the district court erred by including attorney fees in the lump sum settlement for purposes of calculating the percentages of I.C. § 11-207. We agree.

■ Issues concerning attorney fees in workers' compensation claims are to be resolved by the Industrial Commission. *Curr v. Curr*, 124 Idaho 686, 690, 864 P.2d 132, 136 (1993); *Brannon v. Pike*, 112 Idaho 938, 940, 737 P.2d 459, 461 (1987). Pursuant to I.C. § 72-803, claims for attorney fees are subject to the approval of the Industrial Commission. I.C. § 72-803; *Rhodes v. Industrial Comm'n*, 125 Idaho 139, 141, 868 P.2d 467, 469 (1993). In its order approving the lump sum workers' compensation agreement, the Industrial Commission approved and awarded to Lisby's attorney, fees based on a memorandum of attorney fees. The Industrial Commission acted within its authority to approve and award attorney fees to counsel for Lisby and as such the attorney fees are not part of the lump sum award and are not subject to the provisions of I.C. § 11-207.

## VII.

### CONCLUSION

The magistrate court erred in holding that Lisby was not entitled to exemption from garnishment of the lump sum workers' compensation settlement and in holding that the portion of the lump sum settlement award allocated for future medical benefits was not subject to exemption under I.C. § 11–603(5).

We reverse the decision of the magistrate court and hold that Lisby is entitled to an exemption for the lump sum workers' compensation settlement award and that no more than fifty-five percent (55%) of the settlement is subject to garnishment. We hold that no judicial deference is given the statutory interpretation of the S.I.F. We also hold that the portion of Lisby's lump sum workers' compensation settlement awarded for future medical benefits is exempt from garnishment under I.C. § 11–603(5). We hold that the attorney fees awarded in the workers' compensation award are not to be added back in to the settlement for purposes of determining the amounts subject to garnishment. We remand this case to the magistrate court for proceedings consistent with this opinion.

JOHNSON, TROUT, SILAK, JJ., and YOUNG, J. Pro Tem., **concur.**