300 P.2d 820

In re the Death of William E. MALMQUIST.

Victor MALMQUIST, Administrator, Estate of William E. Malmquist, deceased, and on behalf of Gurine Malmquist, widow, Claimant-Appellant,

v.

The OHIO MATCH COMPANY, Employer,

and

Fireman's Fund Indemnity Co., Surety, Defendants-Respondents.

No. 8353.

Supreme Court of Idaho.

June 25, 1956.

Rehearing Denied Sept. 5, 1956.

Carver, McClenahan & Greenfield, Boise, Harold S. Purdy, Coeur d'Alene, for appellant.

H. J. Hull & Sons, Wallace, for respondents.

SMITH, Justice.

This is a workmen's compensation proceeding seeking recovery of medical and burial expenses by the estate of William E. Malmquist, deceased, and of compensation death benefits for and on behalf of decedent's surviving widow.

July 16, 1954, and for a time prior thereto William E. Malmquist was employed by respondent employer, the Ohio Match Company, as a rip-saw or re-saw operator at its plant at Huetter near Coeur d'Alene, Idaho. His duties were performed always at the saw which he operated.

July 16, 1954, at the end of his shift, 3:45 p. m., Malmquist left his place of employment and started home, using one of two principal routes leading through the plant premises which lead to the plant gate situate about 425 paces from the place where he worked.

Malmquist had walked about 221 paces when he boarded the passing truck of Mr. Steele, along with several men then riding on the truck, thereby to ride to the plant's gate. Malmquist rode on the right running board of the truck, holding on to some lumber which Steele had purchased from respondent Company and loaded on the truck. The truck had proceeded about 150 paces from where Malmquist had boarded it when Malmquist fell from the truck; thereby he received injury from the effects of which his death occurred August 29, 1954. The road over which the truck traveled was uneven in spots but in fair condition for a dirt road.

Steele had a permit in writing issued to him by respondent Company, which, during a portion of the day of July 16, 1954, authorized him to take his truck onto the Company's premises for the purpose of loading and transporting his lumber purchased.

Steele worked for respondent Company during certain hours, but was on his own time when loading and transporting the lumber by use of his own truck.

The Industrial Accident Board ruled that Malmquist's injury resulting in his death did not arise out of and in the course of his employment. The board accordingly made and entered its order denying com-

pensation benefits whereupon appellant perfected appeal therefrom.

Appellant by his specifications of error preserved for review the question of law, whether Malmquist's injury which resulted in his death was caused by an accident arising out of and in the course of his employment by respondent employer. I.C. sec. 72–201.

Appellant asserts that, though Malmquist had left his place of employment at the conclusion of the day's work, he still was on his employer's premises when injured; that therefore his injury must be deemed to have been caused by an accident arising out of and in the course of his employment; citing in support thereof Burchett v. Anaconda Copper Min. Co., 48 Idaho 524, 283 P. 515; In re MacKenzie, 55 Idaho 663, 46 P.2d 73; Louie v. Bamboo Gardens, 67 Idaho 469, 185 P.2d 712; Colson v. Steele, 73 Idaho 348, 252 P.2d 1049.

A close scrutiny of those cases will show that the right to recovery of compensation was not made to depend solely upon such so-called premises rule; particularly, the additional rule was recognized, that there must be a causal connection between the conditions existing on the employer's premises and the accident causing the injury to the employee, to constitute the injury compensable, and the accident must have had its origin in some risk connected with or incidental to the employment.

In the Burchett case, the causative factor of the accident, which injured an elderly workman, was snow and ice allowed to accumulate upon a board walk, constructed for use by the workmen in the near vicinity of the work, and wholly supervised, maintained and controlled by the employer. In re MacKenzie, this Court held the evidence sufficient to sustain a finding that the accident, which caused decedent workman's injury, occurred while in the performance of a task attempted by him to be discharged as an industrial function in furtherance of the interests and work of his master. In Louie v. Bamboo Gardens, the Court held that the workman's injury was the result of a risk to which the workman was subjected as an incident of the employment, suffered by him while engaged in the duties which his employment imposed upon him. In Colson v. Steele, the Court held that an accident may arise out of the employment if it arises out of a risk incidental to the work as customarily conducted.

The case of Walker v. Hyde, 43 Idaho 625, 253 P. 1104, 1105, presented a state of facts similar to the case here. Walker performed services in timber as a logger. The day he received injury he started home for lunch but met one of his children with the lunch some distance from the place of his work. After eating lunch and while returning to work he attempted to board a truck, not furnished by the employer as a means of transportation, going in the same direction, but fell and thereby received

injury which caused his death. After reciting the facts this Court announced the rule:

"From the weight of authority, the rule would seem to be that the injury must have been sustained or death caused due to some act or condition connected with the doing of the work, or that *the injury must have been sustained* or death caused *at or near the place* at which *the injured party was required to work* by the terms of his employment *and in the doing* of the *things for which he was employed.* [Emphasis supplied.] * * * Can it be said that the injury to deceased, when he attempted to jump on the truck, had any relation whatever to the work which he was engaged to do? Under the facts * * *, we are forced to the conclusion that the injury was totally foreign to the work in which deceased was engaged and did not *arise out of* and *in the course of his employment."*

When the Walker v. Hyde case was urged against the theories of compensation recovery advanced in Burchett v. Anaconda Copper Min. Co., supra [48 Idaho 524, 283 P. 518], this Court pointed out that, not only was Walker away from the scene of his employment, but "the injury was sustained when he attempted to get on a truck —wholly foreign to any exposure occasioned by his employment."

In Stewart v. St. Joseph Lead Co., 49 Idaho 171, 286 P. 927, 929, the employee was injured on the employer's premises, while splitting wood furnished him by his employer for use as fuel in living quarters, also so furnished him. This Court, in upholding denial of compensation, ruled that, although the workman's contract of employment required him to live on the employer's premises in the house which his employer furnished, nevertheless he was administering to his own personal needs while splitting the wood and was not then engaged in "an execution or furtherance of the employer's business".

█ This Court, as hereinbefore pointed out, has not followed as an exclusive definitive test of compensability the so-called premises rule, i.e., that the injury is compensable if it occurs on the employer's premises, but not compensable if it occurs off those premises, without regard to any existent relation between the accident and the injured person's employment; but rather, has considered such rule as an aid in determining the question of compensability. The most recent expression of this Court in that regard is set forth in Jaynes v. Potlatch Forests, Inc., 75 Idaho 297, 271 P.2d 1016, 1019, wherein the premises rule was sought to be applied as the single test of the right to compensation; in answer thereto this Court ruled, in language as follows:

"There seems to be no rational reason to conclude that an employee is

not covered *if* he is *injured* while going to his work or returning home from his work *from a risk or hazard of and inherent in the employment itself* and it is obviously immaterial, if such be so, upon whose premises the accident occurs for in either event he is within both the letter and the spirit of the act." (Emphasis supplied.)

Malmquist, when he received accidental personal injury, in the case here, was actively participating in an undertaking in nowise connected with his employment or any duty appertaining thereto; but rather he was partaking of a convenience personal to him, and not in anywise in furtherance or tending to further the interests or work of his employer. That personal convenience was not causally connected with any work he was required to do or the conditions under which he was required to work so as thereby to arise out of and in the course of employment.

Malmquist was not under the control of his employer at such time and was not using an instrumentality furnished by the employer; rather he was using the truck, owned and operated by Mr. Steele; and Steele at the time of the accident was a business customer who had purchased lumber from appellant company and was transporting his purchased lumber by use of his own conveyance in the course of a business transaction.

The risk which Malmquist took in boarding Steele's truck was not a risk growing out of or incidental to Malmquist's work with appellant Company; nor did his work expose him incidentally or otherwise to any such risk; nor was there any reason for him to ride on the truck other than for his own personal convenience. The accident did not occur because of any means by which he was required to enter or leave the plant, but arose solely because of the unusual method of exit which he chose to use on that particular day in attempting, solely at his own volition, to ride the truck of Mr. Steele, who for the nonce was a business customer of appellant Company, engaged in the business transaction of transporting his purchased lumber from appellant Company's premises.

The accident suffered by Malmquist did not arise out of and in the course of his employment, simply because his injury received " 'cannot fairly be traced to the employment as a contributing, proximate cause' ". Eriksen v. Nez Perce County, 72 Idaho 1, 235 P.2d 736, 740; see also I.C., sec. 72–201; Dutson v. Idaho Power Co., 57 Idaho 386, 65 P.2d 720; Neale v. Weaver, 60 Idaho 41, 88 P.2d 522.

The order of the Industrial Accident Board denying compensation benefits is affirmed. Costs to respondents.

KEETON and ANDERSON, JJ., and BAKER, District Judge, concur.

TAYLOR, Chief Justice. (dissenting).

The injury suffered by Malmquist was sustained while he was engaged in activity

incident to his employment—to-wit: returning from the site of his work across the employer's premises to the public way, at the end of his shift. The roadway of ingress and egress on the employer's premises was furnished by and under the control of the employer. True, the Steele truck was not furnished as a means of transportation by the employer. But, it was upon the employer's premises by employer's express permission. As such it was one of the conditions existing upon the employer's premises subject to the control of the employer; and it was common practice for employees to board trucks going to the gate.

If the employee had negligently stumbled over a stick lying in the road leading to the gate, or negligently allowed himself to be struck down by the Steele truck, the majority would not deny his injury was compensable. But, because he negligently hitched a ride on the truck for his own convenience, his injury is held not to arise out of his employment. Actually, without so saying the majority has applied the law of negligence, and has said that because the employee was negligent and there was no negligence on the part of the employer, the injury is not compensable.

It cannot be questioned that an employee while on the employer's premises, in going to, and returning from, the site of his work, is engaged in activity incident to the employment. Deceased was using a roadway furnished and maintained by his employer for his use. It was to be expected that he would accept a ride when offered. Thus his employment was a "contributing cause" of his injury. This case is not distinguishable from Dutson v. Idaho Power Co., 57 Idaho 386, 65 P.2d 720, where the death was held compensable. As to negligence and contributing cause, the concurring opinion of Chief Justice Morgan is particularly applicable here.

Likewise it cannot be questioned that in traversing his employer's premises from the site of his work to the main gate, the employee incurs risks which are not common to the public, but which are incident to the employment and shared only by fellow employees and the permittees upon such premises. Such risks are "hazards associated with the employment" and "inherent in and inseparable from the employment". Jaynes v. Potlatch Forests, 75 Idaho 297, at page 303, 271 P.2d 1016, at page 1019. There this court held that an injury sustained by an employee at a railroad crossing, off the employer's premises, but between the main gate and the public highway, arose out of a risk incident, and peculiar, to the employment, and therefore compensable.

If these cases are to be overruled it should be done expressly.

The order denying compensation should be reversed.