422 P.2d 616

**Albina FOUST, Claimant-Respondent,**

v.

**BIRDS EYE DIVISION OF GENERAL FOODS CORPORATION, and Lumbermens Mutual Casualty Company, Defendants-Appellants.**

No. 9834.

Supreme Court of Idaho.

Jan. 17, 1967.

Richards, Haga & Eberle, Boise, for appellants.

John Hjellum, II, Boise, for respondent.

SMITH, Justice.

Respondent, in her claim and petition filed with the Industrial Accident Board, alleged that she had received a personal injury caused by accident arising out of and in the course of her employment by appellant, Birds Eye Division of General Foods Corporation. She prayed for an award of workmen's compensation benefits. After a hearing, the Board ruled that respondent had received such an injury, I.C. § 72–201, and entered an award in her favor. Appellants have appealed from the award.

The sole issue presented is whether respondent's injuries arose out of and in the course of her employment within the purview of the Workmen's Compensation Law.

On May 27, 1965, respondent was employed by appellant employer in its food processing plant in Nampa, Idaho. Respondent's shift ended at 5:30 a. m. of that day. She paused in the company's dining room to purchase a candy bar before meeting her daughter who worked the same shift. Respondent and her daughter then left the building and walked toward respondent's automobile which was parked in a large parking area adjoining the processing plant.

The employer maintained the parking area for its employees, as well as separate parking areas for supervisors and visitors. No scheduled public transportation served the plant. The majority of the employees traveled to and from work by private automobile, although a few walked or partook of taxi service. Respondent and her daughter lived five miles from the plant and drove daily to and from work.

As respondent was walking across the parking area toward her automobile, and conversing with her daughter, an automobile driven by a fellow employee, one Mr. Bufford, backing from its parking place, struck and injured respondent. The driver denied striking respondent, insisting that she walked into the bumper of the car. Buf-

ford's shift had also ended and he was about to leave the employer's premises.

This cause is controlled by the principles announced in Nichols v. Godfrey, 90 Idaho 345, 411 P.2d 763 (1966). The factual circumstances of that case correspond significantly to those of the instant case. Mrs. Nichols, the worker, was employed at State Hospital South in Blackfoot. She had completed her shift, left the building where she worked, and was walking across the hospital grounds when struck by a vehicle owned by her employer. At the time of the accident she was proceeding toward her automobile, parked on a parking lot belonging to the hospital and devoted to the use of hospital employees. On the basis of those facts, and after an extensive review of pertinent authorities, this court held that Mrs. Nichols' injuries arose out of and in the course of her employment.

Appellants cite Jaynes v. Potlatch Forests, 75 Idaho 297, 271 P.2d 1016, 50 A.L.R. 2d 356 (1954), for the proposition that employees are not entitled to workmen's compensation for accidental personal injuries received while commuting to and from work, except in cases where, upon arriving and departing, they are exposed to a peril in the form of a special danger encompassing peculiar or abnormal risks inseparable from the employment. Appellants contend, there being no finding of "peculiar or abnormal risks," that Nichols v. Godfrey, supra, rests upon inadequate grounds and should be overruled.

Appellants misconceive the applicability of the holding in the Jaynes case, to the facts of Nichols v. Godfrey, supra, and the present case. The employee in the Jaynes case, suffered injuries away from his employer's premises and therefore was presumably not injured by an accident arising out of and in the course of his employment. Eriksen v. Nez Perce County, 72 Idaho 1, 235 P.2d 736 (1951); In re Croxen, 69 Idaho 391, 207 P.2d 537 (1949); Scrivner v. Franklin School Dist. No. 2, 50 Idaho 77, 293 P. 666 (1930).

A contrary presumption, that is, that the injury arises out of and in the course of employment, prevails where the injury occurs on the employer's premises, as in the instant case and Nichols v. Godfrey, supra. Skeen v. Sunshine Mining Co., 60 Idaho 741, 96 P.2d 497 (1939); Dutson v. Idaho Power Co., 57 Idaho 386, 65 P.2d 720 (1937); Burchett v. Anaconda Copper Min. Co., 48 Idaho 524, 283 P. 513 (1929); Pacific Indemnity Co. v. Industrial Acc. Com., 28 Cal.2d 329, 170 P.2d 18 (1946).

In the case at bar there is nothing to indicate that respondent, while on her employer's premises, was engaged in any abnormal unforeseeable activity foreign to her employment, as was the situation in In re Malmquist, 78 Idaho 117, 300 P.2d 820 (1956); Neale v. Weaver, 60 Idaho 41, 88 P.2d 522 (1939); and Walker v. Hyde, 43 Idaho 625, 253 P. 1104 (1927). To the contrary, under the circumstances of respondent's employment, her injury "can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation". Kiger v. Idaho Corporation, 85 Idaho 424, 430, 380 P.2d 208, 210 (1963); Eriksen v. Nez Perce County, 72 Idaho at 5, 235 P.2d at 738; Larsen v. State Ind. Acc. Com., 135 Or. 137, 140, 295 P. 195, 196 (1931).

The risks to which respondent was exposed derived solely from her employment. Respondent and Bufford, her fellow employee, were subject to the employer's control and direction while on the employer's premises. Moreover, respondent exercised her rights as an employee, not as a member of the general public, in parking her automobile in the parking lot furnished by and under the control of the employer.

The award is affirmed. Costs to respondent.

TAYLOR, C. J., and McQUADE, McFADDEN and SPEAR, JJ., concur.