733 P.2d 727

**Jim PITKIN, Claimant-Respondent,**

v.

**WESTERN CONSTRUCTION, Employer,**

and

**Employers' Insurance of Wausau, Surety, Defendants-Appellants.**

No. 16366.

Supreme Court of Idaho.

Feb. 18, 1987.

David W. Cantrill, Cantrill, Skinner, Sullivan & King, Boise, for defendants-appellants.

Louis L. Uranga, Boise, for claimant-respondent.

SHEPARD, Chief Justice.

This is an appeal from a determination of the Industrial Commission that claimant's injuries and disability arose out of the course of his employment. We affirm.

Claimant Pitkin was employed by Western Construction. Relevant here are two mining operations conducted by Western at remote locations in Valley County, Idaho, one at Stibnite, and the other at Thunder Mountain. Western's main office is in Boise. Prior to June 1985, Pitkin worked primarily at the Stibnite location, but thereafter when Western began to move equipment to the Thunder Mountain site, Pitkin was involved in transporting equipment to, and setting equipment up, at Thunder Mountain. At the completion of the move

Pitkin was to be employed at Thunder Mountain.

On July 15, 1985, Pitkin drove a truck loaded with a rock crusher from Boise to Thunder Mountain, where he remained until July 21, 1985. On that date, at approximately 5:00 p.m., Pitkin was instructed to drive a truck loaded with a compressor, a diesel engine, and other equipment, to Western's office in Boise. Pitkin was then to return in his own vehicle to Thunder Mountain, bringing with him the chains used to tie down the truck load to Boise. Pitkin worked a schedule of ten days on and four days off, and he asserts that he was to return to Thunder Mountain by 10:00 a.m., July 22, since that date was a regular work day. That assertion is contraverted by the employer, but we deem the conflict to be immaterial.

Pitkin left Thunder Mountain with the truck load and arrived in Boise at approximately 4:00 a.m., July 22. He left the truck at the Western Boise office, and obtained his own vehicle, after which he dropped off a rider from the Thunder Mountain site, and a crusher sample. Pitkin then ran two personal errands, returned to the Boise office to pick up the chains, and started back to Thunder Mountain at approximately 6:00 a.m. On the trip he apparently fell asleep while south of Cascade, collided with a logging truck, and suffered substantial injuries and was hospitalized.

As herein stated, Pitkin was working a ten day on/four day off shift, and was being paid on an hourly basis. He was being paid by the hour for the trip from Thunder Mountain to Boise. However, the employer has refused to pay mileage travel reimbursement for the return trip from Boise to Thunder Mountain.

After a hearing, the Industrial Commission held that claimant's injuries arose out of and in the course of his employment, under the "special errand" rule. The Commission reasoned that Pitkin was not leaving the Thunder Mountain site to return home for his own purposes, but rather was traveling to Boise on a special errand of the employer.

Generally, compensation is not allowed to workers for injuries occurring on the way to or from work, based on the perception that such injuries are not sufficiently causally linked to employment. *Diffendaffer v. Clifton,* 91 Idaho 751, 430 P.2d 497 (1967); *In re South,* 91 Idaho 786, 430 P.2d 677 (1967); *In re Croxen,* 69 Idaho 391, 207 P.2d 537 (1949); *see* 1 Larson, Workmen's Compensation, § 15.11 (1966).

Exceptions to that general rule arise when there appears a causal connection, and those exceptions to the "going and coming" rule in Idaho are found in *Eriksen v. Nez Perce County,* 72 Idaho 1, 235 P.2d 736 (1951):

Among the exceptions to the general rule will be found incidents where the employee is on the employer's premises in the vicinity of the actual situs of his employment;

where going or returning in some transportation facility furnished by the employer;

when transversing the only means of ingress or egress, whether furnished by the employer or by some other party and used with the knowledge and consent of the employer;

where doing some particular job for the employer even though the place where the accident occurred and the cause thereof would be common to any traveler;

where an employee is traveling to or from the employer's place of business upon some specific mission at his employer's request.

*See also Diffendaffer v. Clifton, supra; Jaynes v. Potlatch Forests, Inc.,* 75 Idaho 297, 271 P.2d 1016 (1954).

Pitkin asserts that his actions fit within a "special errand" exception to the "going and coming" rule, and we agree. In *Bocock v. State Board of Education,* 55 Idaho 18, 37 P.2d 232 (1934), the "special errand" exception was formulated:

**508**

An exception to the aforesaid general rule is found in cases where it is shown that the employee, although not in his regular place of employment, even before or after customary working hours, is doing, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under direction of, his employer. In such cases, an injury arising enroute from the home to the place where the work is performed, or from the place of performance of the work to the home, is considered as arising out of and in the course of the employment.

Here, the Commission on the basis of conflicting evidence, found that Pitkin was instructed to drive the truck from Thunder Mountain to Boise, to deliver the truck to the Boise office, to drop off a crusher sample, and to then return to work at Thunder Mountain on July 22. Pitkin was not returning home for his own purposes, but at the request of his employer.

■ Application of the "special errand" factors demonstrates that the Commission was correct in its conclusion that Pitkin's injuries arose out of, and in the course of, his employment.

We affirm the decision of the Industrial Commission.

Costs to respondent; no attorney fees.

DONALDSON, BAKES, BISTLINE and HUNTLEY, JJ., concur.