918 P.2d 281

**Billy Joe SMITH, Claimant–Appellant,**

v.

**O/P TRANSPORTATION, Employer, Boise Supply/Kayle & Marlene Hobbs, Employer, Indiana Truck Lines, Employer, and Employee Benefits Insurance Companies, Surety, Defendants–Respondents.**

**No. 21373.**

Supreme Court of Idaho,
Boise, December 1995 Term.

June 18, 1996.

Cosho, Humphrey, Greener & Welsh, Boise, for appellant. Fredric V. Shoemaker argued.

Quane, Smith, Howard & Hull, Boise, for respondents. W. Scott Wigle argued.

SILAK, Justice.

This is an appeal from a decision of the Industrial Commission finding that Idaho's cancellation requirement of sixty days notice was not applicable to a former worker's compensation surety of Billy Joe Smith's (Smith) statutory employer. The Commission determined that the policy was not "issued against liability arising under" the Idaho worker's compensation law, but rather was issued against liability arising under Oregon's worker's compensation law. As a result, the Commission found that the surety had no liability to Smith because, according to Oregon law, it effectively cancelled the policy with O/P Transportation nine hours before Smith's injury. We reverse.

## I.

### FACTS AND PROCEDURE

Employee Benefits Insurance Companies (EBI) and O/P Transportation entered into a policy of worker's compensation effective May 13, 1983. The insuring agreement between EBI and O/P Transportation covered "all compensation and other benefits required of the insured by the workers' compensation law." The policy then defined "worker's compensation law" as "the worker's compensation law . . . of any state designated in Item 3 of the declarations." O/P Transportation listed only Oregon in Item 3 of the declarations and represented that Tigard, Oregon was its sole place of business. The policy issued to O/P Transportation also contained an "Other States Endorsement" which stated that the policy was to apply to the insured's operations in certain enumerated states and that the insured represented that it was not conducting operations in any of those states. It also required O/P Transportation to promptly notify EBI if it conducted operations in any of the enumerated states. Idaho was listed as one of the enumerated states.

In June of 1983, O/P Transportation contracted with Boise Truck Dispatch (Boise Truck) to transport commodities under ICC permits that O/P Transportation held. Despite the provision in the Other States Endorsement, O/P Transportation did not notify EBI of the agreement it entered into with Boise Truck. At the time, Smith, an Idaho resident, worked as a trucker for Boise Truck.

On June 11, 1983, an Ohio resident employee of Blackman Trucking, a trucking company with similar ownership interests as that of O/P Transportation, was injured near Burley, Idaho. Upon receiving the worker's compensation claim filed against Blackman Trucking, EBI decided to cancel both Blackman Trucking and O/P Transportation's policies. EBI records indicated that the magnitude of the claim against Blackman Trucking, the interrelationship between O/P Transportation and Blackman Trucking, and the concern over "out of state exposure" prompted the cancellation. In accordance with Oregon law, O/P Transportation and the Oregon Department of Consumer and Business Services received thirty days notice of the cancellation, to be effective August 22, 1983 at 12:01 a.m. No notice of cancellation was given to the Idaho Industrial Commission. On August 22, 1983 at approximately nine a.m., Smith suffered an accident arising out of and in the course of his employment with Boise Truck and O/P Transportation.

Upon application by Smith, the Industrial Commission determined that at the time of Smith's compensable injury Boise Truck was Smith's direct employer. Because Boise Truck did not carry worker's compensation insurance, the Commission also found O/P Transportation to be Smith's statutory employer. Smith then amended his application to include EBI. Initially, the Industrial Commission dismissed Smith's amended application for lack of subject matter jurisdiction. We reversed the Industrial Commission's dismissal and remanded for further proceedings. *Smith v. O/P Transp.,* 120 Idaho 123, 814 P.2d 23 (1991).

On remand, the Commission found that EBI issued the policy with O/P Transportation to insure against worker's compensation liability arising under Oregon law. Since the policy was not "issued against liability arising under" the Idaho worker's compensation law, the Commission held that Idaho's requirement for sixty days notice of cancellation of a worker's compensation policy was not applicable. The Commission then determined that, as a statutory employer, O/P Transportation incurred no liability to Smith until the occurrence of two events: (1) Smith's injury and (2) Boise Truck's non-insurance at the time of Smith's injury. Because Smith's injury did not occur until after EBI cancelled the policy with O/P Transportation, the Commission held that EBI had no liability to Smith.

Smith appealed.

## II.

### ISSUES ON APPEAL

1. Was the policy of insurance issued by EBI "issued against liability arising

under" the Idaho workers compensation law?

2. Does a statutory employer's liability arise upon the direct employer's non-insurance or must liability await an injury?

## III.

## STANDARD OF REVIEW

 The Idaho Supreme Court reviews factual findings made by the Industrial Commission to determine whether the findings of fact are supported by substantial and competent evidence. I.C. § 72–732(1); *Davaz v. Priest River Glass Co.*, 125 Idaho 333, 336, 870 P.2d 1292, 1295 (1994). However, this Court exercises free review over the Industrial Commission's conclusions of law. Idaho Const. art. 5, § 9; *Langley v. State*, 126 Idaho 781, 784, 890 P.2d 732, 735 (1995).

## IV.

## ANALYSIS

**A. EBI's Policy Of Insurance Assumed Coverage For O/P Transportation's Operations In Idaho And Was Therefore Issued Against Liability Arising Under Idaho's Worker's Compensation Law.**

 In order to provide for a system of sure and certain relief to the industrially injured workers of the Idaho, every employer, with some exceptions, is required to maintain a policy of insurance covering their worker's compensation liability. I.C. § 72–301. The Idaho worker's compensation law also seeks to prevent unscrupulous employers from subcontracting work to others in order to avoid liability. *Adam v. Titan Equip. Supply Co.*, 93 Idaho 644, 647, 470 P.2d 409, 412 (1970) *quoting Gifford v. Nottingham*, 68 Idaho 330, 337, 193 P.2d 831, 835 (1948). Thus Idaho Code Section 72–102 defines "employer" more broadly than common law. *Id.* "Employer" not only includes an employee's direct employer, but includes any contractors and subcontractors as well. I.C. § 72–102(10). Should an employee's direct employer fail to carry worker's compensation, these "statutory employers" are also

liable for compensation owing to the injured employee. I.C. § 72–216.

In previous proceedings, the Commission determined that because O/P Transportation had contracted with Boise Truck to transport goods and because Smith was driving one of the trucks leased to O/P Transportation, O/P Transportation was Smith's statutory employer at the time of his accident. Due to Boise Truck's failure to carry worker's compensation insurance, by operation of I.C. § 72–216 O/P Transportation was liable for the compensation owing to Smith.

 In the proceedings which are the subject of this appeal, EBI argued, and the Commission agreed, that its policy with O/P Transportation was an Oregon policy issued only against liability arising under Oregon worker's compensation law. As a result, EBI asserts that its compliance with Oregon's cancellation procedures relieves it of liability for the compensation owing to Smith. On appeal, Smith argues that the interplay of various statutes within Idaho's worker's compensation law provides extra-territorial jurisdiction over EBI making it liable for the compensation owing. We need not address this argument, as we find that a reading of EBI's policy of insurance shows that it expressly assumed coverage for O/P Transportation's activities in the state of Idaho. Thus, in the language of Idaho Code Section 72–311, EBI's policy was "issued against liability arising under" the Idaho Worker's compensation law, which law required sixty days notice of cancellation.

The insuring agreement between O/P Transportation and EBI required EBI "[t]o pay promptly when due all compensation and other benefits required of the insured by the workers' compensation law." A definitional section then stated that "[t]he unqualified term 'workers' compensation law' means the workers' compensation law ... of a state designated in Item 3 of the declarations ..." In Item 3 of EBI's Declarations for a Standard Workers' Compensation And Employers' Liability Form, O/P Transportation listed only Oregon.

**700**

However, the policy issued to O/P Transportation also contained an "amendatory endorsement" labeled an "Other States Endorsement." The Other States Endorsement declared:

It is agreed that:

1. If the insured conducts operations in any state designated in the schedule of states below, this policy shall apply to such operations as though such states were designated in item 3 of the declarations ...

....

2. At the effective date of this endorsement, the insured declares that it is not conducting operations in any state designated in the schedule of states. The insured will promptly notify the company if it conducts operations in any such state.

Schedule of states

Arizona

California

Colorado

Idaho

Montana

Utah

■ This Other States Endorsement makes clear that the policy between O/P Transportation and EBI covered O/P Transportation's operations in any of the six enumerated states. The endorsement did require that O/P Transportation notify EBI if it conducted operations in any other state, but it did not make that coverage contingent upon such notification. This Court construes insurance contracts in a light most favorable to the insured and in a manner which will provide full coverage for the indicated risks rather than to narrow its protection. *Erikson v. Nationwide Mut. Ins. Co.*, 97 Idaho 288, 292, 543 P.2d 841, 845 (1975). Because its policy expressly assumed coverage for O/P Transportation's out of state operations in the enumerated states, EBI cannot now avoid the operation of the Idaho worker's compensation law based upon its compliance with Oregon's cancellation requirements.

According to Idaho law, a surety who has issued a policy "against liability arising under" the Idaho worker's compensation law must give sixty days notice of cancellation.

I.C. § 72–311. EBI failed to properly cancel the policy in Idaho, a state for which it expressly assumed coverage. Thus, the EBI policy remained in effect at the time of Smith's accident.

Because we so hold, we do not address whether the liability of a statutory employer attaches upon the direct employer's non-insurance or lies in repose until the occurrence of a compensable injury.

### V.

### CONCLUSION

EBI issued a policy of insurance to O/P Transportation containing an Other States Endorsement by which it assumed coverage for the insured's operations in six enumerated states, including Idaho. Because the policy was "issued against liability arising under" the Idaho worker's compensation law EBI failed to properly cancel the policy in Idaho, and thus it remained liable for Smith's compensable injuries.

The decision of the Industrial Commission is reversed and the matter remanded for further proceedings.

McDEVITT, C.J., and JOHNSON, TROUT and SCHROEDER, JJ., concur.