990 P.2d 738

Debra DINIUS, Claimant–Appellant,

v.

LOVING CARE AND MORE, INC. Employer and Idaho State Insurance Fund, Surety, Defendants–Respondents.

No. 24315.

Supreme Court of Idaho.
Coeur d'Alene, October 1999 Term.

Dec. 1, 1999.

Louis Garbrecht, III, Coeur d'Alene, argued for appellant.

H. James Magnuson, Coeur d'Alene, argued for respondents.

WALTERS, Justice.

This is an appeal from an order denying worker's compensation benefits based upon a finding by the Industrial Commission that the claimant's injury was not a compensable injury. We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

Debra Dinius was employed in February of 1996 by Loving Care and More, Inc., the owner and operator of Playtime Daycare Center located in Silverton, Idaho. Dinius was hired to perform janitorial services at Playtime which occupied a former school building that was leased from the local school district. Dinius generally worked in the evenings cleaning the daycare facility and, after removing the garbage to the trash cans located beside the ramp outside the building, she would lock up the facility and leave. Her daily job duties took between two and two-and-a-half hours to complete.

On March 5, 1996, Dinius went to her job and signed in at 6:30. She parked the pickup truck she was driving alongside the ramp where the trash cans were lined up, which was near the door through which she routinely entered and left the daycare facility. On that evening, Dinius was accompanied by William St. Marks, her live-in companion. He went into the daycare with her while she worked, as he had on prior occasions; to help Dinius, he collected the trash and took it out to the trash cans, leaving the daycare shortly before Dinius signed out and turned off the lights. As Dinius was leaving the daycare, she walked in front of the truck to the driver's side. Dinius was struck by the truck when St. Marks inexplicably caused the truck to move forward, pinning Dinius against the side of the building. St. Marks then backed the truck away from the building and called for help.

As a result of the accident, Dinius sustained severe injuries to her left leg and foot and was hospitalized from March 5, 1996, to April 19, 1996. She underwent subsequent treatment due to related complications, including problems with skin grafts, an embolism on the posterior surface of her knee, a bronchial obstruction, neurosepsis, and surgery in January, 1997, to lengthen an Achilles tendon.

Dinius filed a worker's compensation claim with the Industrial Commission on July 22, 1996. The referee conducted a hearing on May 13, 1997, at which time Dinius was still recovering from the January surgery. The referee issued findings of fact and conclusions of law on September 11, 1997, denying benefits for Dinius' injuries which the referee found did not arise from and were not in the course of the claimant's employment. The Commissioners, by order dated October 24, 1997, upheld the referee's denial of benefits and dismissed the claim. Dinius has appealed from that order.

## ISSUE

Dinius challenges the determination by the Commission that her injuries did not arise from and occur in the course of her employment.

## STANDARD OF REVIEW

■■■ Supreme Court review of Industrial Commission decisions is limited to a determination of whether the findings of fact are supported by substantial and competent evidence. *Boise Orthopedic Clinic v. Idaho State Ins. Fund,* 128 Idaho 161, 911 P.2d 754 (1996). In reviewing a decision of the Commission, we will not set aside findings of facts that are supported by substantial competent, although conflicting, evidence. *See* I.C. § 72–732(1); *Smith v. O/P Transp.,* 128 Idaho 697, 699, 918 P.2d 281, 283 (1996). The appellate court will not disturb the Commission's conclusions on the weight and credibility of the evidence unless they are clearly erroneous, as it is the role of the Commission, not this Court, to weigh the evidence. *Boley v. State, Industrial Special Indemnity Fund,* 130 Idaho 278, 280, 939 P.2d 854, 856 (1997).

■■■ In reviewing a decision of the Commission, this Court views all facts and inferences in the light most favorable to the party who prevailed before the Commission. *Smith v. J.B. Parson Co.,* 127 Idaho 937, 941, 908 P.2d 1244, 1248 (1996). Thereafter, we limit our review to determining whether the Commission correctly denied benefits after it applied the law to the relevant facts. I.C.

§ 72–732(4); *Morgan v. Columbia Helicopters, Inc.,* 118 Idaho 347, 796 P.2d 1020 (1990).

■■■ The applicable standard for determining whether an employee is entitled to compensation under the Worker's Compensation Act requires that the injury must have been caused by an accident "arising out of and in the course of any employment." I.C. § 72–102(17)(a). *See Kiger v. Idaho Corp.,* 85 Idaho 424, 380 P.2d 208 (1963); *Devlin v. Ennis,* 77 Idaho 342, 292 P.2d 469 (1956). The words "out of" have been held to refer to the origin and cause of the accident and the words "in the course of" refer to the time, place, and the circumstances under which the accident occurred. *Walker v. Hyde,* 43 Idaho 625, 253 P. 1104 (1927). Where there is some doubt whether the accident in question arose out of and in the course of employment, the matter will be resolved in favor of the worker. *Hansen v. Superior Prod. Co.,* 65 Idaho 457, 146 P.2d 335 (1944). *See also Steinebach v. Hoff Lumber Co.,* 98 Idaho 428, 566 P.2d 377 (1977) (legislative intent that worker's compensation law be liberally construed in favor of the injured worker); *Beebe v. Horton,* 77 Idaho 388, 293 P.2d 661 (1956) (liberal construction rule in favor of compensability if injury or death could reasonably have been construed to have arisen out of and in the course of employment). Whether an injury arose out of and in the course of employment is a question of fact to be decided by the Commission. *Kessler v. Payette County,* 129 Idaho 855, 934 P.2d 28 (1997).

## DISCUSSION

Dinius initially argues that she was entitled to a presumption that the injury she suffered arose out of and in the course of her employment because the accident occurred on the employer's premises. According to Dinius, the accident which caused her injuries was occasioned by her presence at her job the evening of March 5, 1998, which placed her on the employer's premises. Dinius contends, therefore, that the injuries she received when she was struck by the truck under the control of St. Marks, while on the employer's premises, are compensable.

■ The presumption that Dinius seeks to have applied was first recognized in *Louie v. Bamboo Gardens,* 67 Idaho 469, 185 P.2d 712 (1947), where the appellant, Louie, was injured when he was shot by a mentally deranged person while Louie was an employee within the Bamboo Gardens' restaurant and engaged in the performance of duties which his employment imposed upon him. In *Foust v. Birds Eye Division of General Foods Corp.,* 91 Idaho 418, 422 P.2d 616 (1967), also cited by Dinius, the appellant Foust sustained injuries when she was struck by another employee driving in the employer's parking lot. *Id.* at 92, 422 P.2d at 617. The Court applied the presumption, holding that the injuries arose out of and in the course of employment, where it was also shown that Foust's actions were not the result of any abnormal unforeseeable activity foreign to her employment and where the risks to which she was exposed derived solely from her employment. *Id.* at 419, 422 P.2d at 617.

Unlike the facts in *Foust* where both the driver of the vehicle and the injured claimant were co-employees, here only Dinius was an employee and subject to the employer's control and direction while she was at her place of employment. *Foust* can be distinguished on that basis. Moreover, application of the presumption that Dinius' injuries arose out of and in the course of employment, in this case, would have been error because the Commission made no specific finding that the injuries occurred on the employer's premises.

■ Even so, the mere fact that an injury occurs on the employer's premises is not an exclusive test for compensability, but rather is only one factor to be considered. *In Re Malmquist,* 78 Idaho 117, 300 P.2d 820 (1956). To establish that the accident arose out of and in the course of employment, the fact that an injury occurs on the employer's premises must be accompanied by a showing of a causal connection between the conditions existing on the employer's premises and the accident involved. *Nichols v. Godfrey,* 90 Idaho 345, 350, 411 P.2d 763, 765 (1966). *See also Kessler, supra,* 129 Idaho at 860, 934 P.2d at 31.

■ An injury is deemed to be in the course of employment when it takes place while the worker is doing the duty which he is employed to perform. *Kiger v. Idaho Corp.,* 85 Idaho 424, 430, 380 P.2d 208, 210 (1963). The injury is considered to arise out of the employment when a causal connection is found to exist between the circumstances under which the work must be performed and the injury of which the claimant complains. *Kessler, supra,* 129 Idaho at 855, 934 P.2d at 28.

At the hearing, the referee received testimony from Dinius asserting that she would not have been at the location next to the building at the time the truck lurched forward but for the fact that she had attended to the garbage cans and checked the locks on the door of the building. Dinius testified that, on the night she was injured, she exited the daycare and noticed that a bungee cord across the top of one of the trash cans needed to be secured. She indicated that securing the trash cans was one of the responsibilities of her job and that only after completing that task did she go back to check the door a second time before proceeding along the building in front of her parked truck. Dinius and St. Marks both testified that St. Marks had gone out to the truck before Dinius, and started the engine. Dinius testified that she spoke briefly with St. Marks as she came out of the building. St. Marks testified in his deposition that while he was waiting in the truck, he decided to make an adjustment to the truck's idle, that he was lying across the seat to depress the accelerator pedal with his hand when he accidently caused the truck to move, bearing down on Dinius and pinning her against the building.

We have held that an employee does not have to be actually engaged in the performance of tasks of employment at the time of the accident to recover under the worker's compensation scheme, if there was an exposure to risk by reason of the employment. *See Nichols v. Godfrey, supra,* 90 Idaho at 351, 411 P.2d at 766. There are facts in the record before us sufficient to support a finding that Dinius was not engaged in the performance of her job when she was injured as she passed in front of the truck. An implicit

finding to that effect provided the basis for the Commission's determination that Dinius' injuries did not arise in the course of her employment.

The Commission made an express finding that the vehicle which injured Dinius would not have been running except for St. Marks' presence at the job site, which was solely for the claimant's convenience. Clearly, the Commission agreed with the employer's argument that Dinius was not subject to a special risk incident to her employment, notwithstanding Dinius' assertions that she had in no way deviated from her normal activities at work and was only on the employer's premises for work purposes. The Commission found that the injuries which were the result of a factor personal to Dinius were not causally related to her employment.

 When reviewing the factual question of whether Dinius' injuries arose out of and in the course of employment, this Court may not set aside findings of fact that are supported by substantial competent, although conflicting, evidence. *See Gradwohl v. J.R. Simplot Co.*, 96 Idaho 655, 534 P.2d 775 (1975). This determination requires the weighing of evidence and assessing the credibility of witnesses, and the Commission's conclusions as to weight and credibility will not be disturbed unless they are clearly erroneous. *Koester v. State Ins. Fund*, 124 Idaho 205, 209, 858 P.2d 744, 748 (1993).

We conclude that substantial competent evidence exists to support the Commission's finding that St. Marks' presence at the employer's premises with Dinius was the cause of her injuries. Thus, we will not set aside that finding or the finding of no causal relationship between Dinius' injuries and her employment. Dinius failed to show that she was injured because of exposure to a risk incident to her employment, *see Colson v. Steele*, 73 Idaho 348, 252 P.2d 1049 (1953), or exposure to a hazard to which she would not have been exposed outside her work environment. *Kessler, supra*, 129 Idaho at 860, 934 P.2d at 33, *citing O'Loughlin v. Circle A Constr.*, 112 Idaho 1048, 1051, 739 P.2d 347, 350 (1987).

## CONCLUSION

Accordingly, we uphold the Commission's ultimate determination that the claimant's injuries did not arise in the course of or out of her employment. Because under I.C. § 72–102(17)(a), only injuries caused by an accident arising out of and in the course of any employment is covered by the workers' compensation law, we affirm the decision of the Commission denying benefits to Dinius.

Costs are awarded to the respondents; no attorney fees are awarded on appeal.

Chief Justice TROUT and Justices SILAK, SCHROEDER, and KIDWELL, concur.