13 P.3d 867

Linda D. FREEMAN, Claimant–
Appellant,

v.

TWIN FALLS CLINIC AND HOSPITAL
and TIG Insurance Company,
Defendants–Respondents.

No. 25757.

Supreme Court of Idaho,
Idaho Falls, September Term of Court.

Nov. 1, 2000.

Jenkins Law Office, Chartered, Idaho Falls, for appellant. Gordon W. Jenkins argued.

Bowen & Bailey, Boise, for respondents. David V. Nielsen argued.

SCHROEDER, Justice.

Linda Freeman (Freeman) appeals an order by the Industrial Commission denying her worker's compensation benefits. The decision of the Industrial Commission is affirmed.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Freeman was employed by the Twin Falls Clinic and Hospital (the Clinic). Her duties included mopping, sweeping, moving furniture, and general cleaning. She was called into work on January 2, 1997, and was injured between 6:30 and 6:45 a.m. by a fellow employee who backed her car into Freeman's car while Freeman was opening her car door. The accident occurred on a public street across from the Clinic where Freeman worked.

At the time of the accident the Clinic maintained private parking areas for employees, patients, and physicians. The Clinic did not require its employees to park in the employee-designated areas. A representative of the Clinic had told Freeman that employees could park behind the building and on public roads, commenting that cigarette smokers often parked on the public street which was closer to the Clinic than the Clinic's parking areas. Freeman parked on the public street regularly rather than in the employee-designated areas maintained by the Clinic.

The referee assigned by the Industrial Commission (Commission) to hear the evidence concluded that Freeman failed to meet her burden of proving her injuries were the result of an accident arising out of and in the course of her employment. The Commission adopted the findings and conclusions of the referee. Freeman appealed the Commission's decision.

## II.

## STANDARD OF REVIEW

The Supreme Court's review of an Industrial Commission decision is limited to a determination of whether the findings of fact are supported by substantial and competent evidence. *Vargas v. Keegan,* 134 Idaho 125, 997 P.2d 586 (2000); *Dinius v. Loving Care & More, Inc.,* 133 Idaho 572, 574, 990 P.2d 738, 740 (1999), *citing Boise Orthopedic Clinic v. Idaho State Ins. Fund,* 128 Idaho 161, 911 P.2d 754 (1996). The Court will not set aside findings of facts that are supported by substantial competent, although conflicting, evidence. *Dinius* at 574, 990 P.2d at 740, *see* I.C. § 72–732(1). The Court will not disturb the Commission's conclusions on the weight and credibility of the evidence unless they are clearly erroneous, as it is the role of the Commission, not this Court, to weigh the evidence. *Dinius* at 574, 990 P.2d at 740, *citing Boley v. State, Indus. Special Indem. Fund,* 130 Idaho 278, 280, 939 P.2d 854, 856 (1997).

Whether an injury arose out of and in the course of the employment is a question of fact to be decided by the Commission. *Kessler o/b/o Kessler v. Payette County,* 129 Idaho 855, 859, 934 P.2d 28, 32 (1997). Where there is some doubt whether the accident in question arose out of and in the course of employment, the matter will be

38

resolved in favor of the worker. *Id., citing Foust v. Birds Eye Div.*, 91 Idaho 418, 419, 422 P.2d 616, 617 (1967). In reviewing a decision of the Commission, this Court views all facts and inferences in the light most favorable to the party who prevailed before the Commission. *Dinius*, 133 Idaho at 574, 990 P.2d at 740. Although this Court may review the Commission's factual findings, this Court must limit its review to determining whether the Commission correctly denied benefits after it applied the law to the relevant facts. *Id., see* I.C. § 72–732(4)

### III.

### THERE IS SUBSTANTIAL, COMPETENT EVIDENCE TO SUPPORT THE COMMISSION'S DECISION THAT FREEMAN'S INJURY DID NOT ARISE OUT OF AND IN THE COURSE OF HER EMPLOYMENT.

Freeman argues that the Commission misapplied the law to the facts in her case. She relies upon the principle that an accident arises out of and in the course of employment if the injury occurs where the employee is reasonably expected to be, doing what a person in like employment may reasonably do to further the employment relationship. *State ex rel. Wright v. Brown*, 64 Idaho 25, 127 P.2d 791 (1942). She contends that she was in the course of her employment while working for the Clinic according to the standard set forth in *Kessler*, 129 Idaho 855, 934 P.2d 28 (1997).

■ The Worker's Compensation Act requires that an injury be caused by an accident "arising out of and in the course of any employment" the Act covers. I.C. § 72–102(17)(a). In *Kessler* the Court established a two-part test to determine if a worker's injury is compensable. *Kessler* at 859, 934 P.2d at 32. A worker receives an injury in the course of employment (1) if the worker is doing the duty that the worker is employed to perform; and (2) a causal connection exists between the circumstances under which the work must be performed and the injury of which the worker complains. *Id.* at 860, 934 P.2d at 33. Freeman argues that the accident occurred in front of her entrance to

work, establishing that she was there to perform her job. Further, she maintains that she was in an area designated for parking by the employer when she was injured.

■ An employee's injury from an accident which occurs while driving to work in an automobile which has not been provided by the employer is generally presumed not to be compensable under the Worker's Compensation Act as not arising out of and in the course of employment. *Diffendaffer v. Clifton*, 91 Idaho 751, 756, 430 P.2d 497, 502 (1967); *Pitkin v. Western Const.*, 112 Idaho 506, 507, 733 P.2d 727, 728 (1987). There are, however, exceptions to this rule. If the nature of the employment has subjected a worker to a peculiar risk, it is deemed to have arisen out of and in the course of employment and so becomes compensable. *Diffendaffer*, 91 Idaho at 756, 430 P.2d at 502; *Clark v. Daniel Morine Construction Co.*, 98 Idaho 114, 115, 559 P.2d 293, 294 (1977).

The Court outlined further exceptions to the general rule in *Pitkin:*

Among the exceptions to the general rule will be found incidents where the employee is on the employer's premises in the vicinity of the actual situs of his employment;

where going or returning in some transportation facility furnished by the employer;

when transversing the only means of ingress or egress, whether furnished by the employer or by some other party and used with the knowledge and consent of the employer;

where doing some particular job for the employer even though the place where the accident occurred and the cause thereof would be common to any traveler;

where an employee is traveling to or from the employer's place of business upon some specific mission at his employer's request.

*Pitkin*, 112 Idaho at 507, 733 P.2d at 728, *citing Eriksen v.. Nez Perce County*, 72 Idaho 1, 235 P.2d 736 (1951).

The general rule that compensation is not allowed to workers for injuries occurring on the way to or from work is based on the

perception that such injuries are not sufficiently causally linked to employment. *Pitkin*, 112 Idaho at 507, 733 P.2d at 728; *Diffendaffer, supra.*

In this case the Commission determined that there was no exception applicable that would remove Freeman from the general rule that injuries suffered traveling to work are not covered by worker's compensation. The Commission found that Freeman's decision to park on the street was for personal reasons, stating that "the evidence clearly shows Claimant chose to park as close to the building as possible for personal reasons, and, in general, did not seek parking in the employee areas." Further, the Commission found that Freeman "did not establish that parking on the street was a normal route for most employees." Whatever risks existed in parking on the street, Freeman failed to show "any work-related need or requirement for her to encounter those risks." According to the Commission, "It was entirely up to the Claimant where to park; Claimant opted to park on the public right-of-way for personal, not work-related, reasons. The statement made by a supervisor as to where cigarette smokers generally park does not amount to a requirement to park on the public street." The Commission also found the special hazard exception inapplicable.

The Commission's findings of fact and conclusions of law are supported by substantial, competent evidence.

## IV.

## CONCLUSION

The Commission's decision denying worker's compensation benefits on the basis that the injuries sustained by Freeman did not arise out of and in the course of her employment is affirmed. The respondent is awarded costs.

Chief Justice TROUT and Justices SILAK, WALTERS and KIDWELL concur.