# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36159-2009

JUDY THOMPSON,                                    )
                                                  )        **Boise, February 2010 Term**
    **Claimant-Appellant,**                         )
                                                  )        **2010 Opinion No. 20**
v.                                                )
                                                  )        **Filed: March 16, 2010**
CLEAR SPRINGS FOODS, INC., Employer,              )
LIBERTY NORTHWEST INSURANCE                       )        **Stephen W. Kenyon, Clerk**
CORPORATION, Surety,                              )
                                                  )
    **Defendants-Respondents.**                     )

Appeal from the Industrial Commission of the State of Idaho.

The order of the Industrial Commission is <u>affirmed</u>.

Dennis R. Petersen, Idaho Falls, for appellant.

E. Scott Harmon, Boise, for respondent.

_____

EISMANN, Chief Justice.

This is an appeal from the denial of worker's compensation benefits for an injury that occurred when the claimant slipped and fell while walking down a county road to return to work after relocating her car from the employee parking lot to the top of a hill in order to avoid the risk of not being able to drive up the hill on the county road due to snow. We affirm the order of the Industrial Commission.

## I. FACTS AND PROCEDURAL HISTORY

Judy Thompson (Claimant) had been employed by Clear Springs Foods, Inc. (Employer) for twelve years. She worked at its fish packaging facility located at the bottom of the Snake River canyon near Buhl, Idaho. The county road from the canyon rim down to Employer's facility was steep enough that Claimant had at times been unable to drive back up the road when it snowed. In mid-January 2008, she had to have other employees tow her car to the top of the

grade, and about four times in prior years she had left her car in the canyon and had someone drive her home. When it snowed, Employer sometimes had obtained permission for its employees to leave on a private road. It also, at times, had used a backhoe to scrape loose snow from the roadway and had then spread sand on the road.

It was "snowy" when Claimant was driving to work on January 31, 2008. As she approached the canyon rim, she noticed that four cars were parked in a turnout off the county road. She continued on down the hill and parked in the employee parking lot. Her shift started at 10:00 a.m. She had a fifteen-minute break at 12:30 p.m., a thirty-minute lunch break at 3:30 p.m. or 4:00 p.m., and a fifteen-minute break at 6:00 p.m. Employer's written personnel policy permits employees to leave the premises during the fifteen-minute breaks only if they first obtain permission from a supervisor and then "punch-out" on their time cards when they leave and "punch-in" when they return.

During her second fifteen-minute break, Claimant decided to drive her car back up the hill and park it on the canyon rim where she had seen the other cars parked. She did not obtain permission from her supervisor before doing so, nor did she punch out. Likewise, she did not request that the Employer seek permission for employees to use the private road. After she had parked her car on the canyon rim, she began walking back down the county road to Employer's facility. It was about 120 yards from the canyon rim to the entrance of the employee parking lot. When she was about halfway there, she slipped and fell, injuring herself.

Employer's production supervisor testified that it was his understanding the road had been scraped and sanded that day, but he did not have any personal knowledge of whether it had been done. On February 23, 2008, he gave Claimant a written reprimand for "leaving the work premises without permission on 1/31/2008." The reprimand, which was signed by both the production supervisor and Claimant, recited: "[Claimant] left the work premises to move her car to the top of the Clear Lake Lane (a County Road) since it was snowing. The grade had been cleared of loose snow and was sanded, however the grade was still slick."

Claimant filed a worker's compensation claim seeking benefits for her injury. The matter was tried before a referee, who made findings of fact and conclusions of law and recommended that the claim be denied. The Industrial Commission (Commission) adopted the referee's findings of fact and conclusions of law and ordered that "Claimant has failed to prove that she

2

suffered an accident arising out of and in the course of her employment." Claimant then timely appealed.

## II. ANALYSIS

The sole issue raised by Claimant on appeal is whether her actions in leaving Employer's premises to move her car to the top of the canyon rim fell within the personal comfort doctrine. Although this Court has not expressly addressed it, the personal comfort doctrine has been described as follows:

> A class of activities widely recognized as "incidental" to employment are those acts engaged in by the employee to minister to his personal comfort. Such acts ordinarily include satisfying thirst or hunger, seeking fresh air, using the restroom, making telephone calls, and the like. An employee does not leave the course of employment by engaging in such acts unless the extent of the departure is so great that an intent to abandon the job temporarily may be inferred, or unless the method chosen is so unusual or unreasonable that the conduct cannot be considered an incident of the employment.

*Kennecott Corp., Kennecott Minerals Co. Div. v. Industrial Commn of Utah*, 675 P.2d 1187, 1190 (1983) (footnote omitted).

"The general rule that compensation is not allowed to workers for injuries occurring on the way to or from work is based on the perception that such injuries are not sufficiently causally linked to employment." *Freeman v. Twin Falls Clinic and Hosp.*, 135 Idaho 36, 38-39, 13 P.3d 867, 869-70 (2000). In *Freeman*, the claimant parked her car on a public street rather than in the employer's parking lot because it was closer to the building in which she worked and made it easier for her to take cigarette breaks in her car. The claimant was injured when a fellow employee backed into claimant's car while she was opening her car door. This Court upheld the Commission's determination that the claimant's injury did not arise out of and in the course and scope of her employment because she "opted to park on the public right-of-way for personal, not work-related, reasons." *Id.* at 39, 13 P.3d at 870.

In this case, Claimant was walking to work along a county road when she fell and was injured. The Commission noted the general rule that compensation is not allowed to workers for injuries occurring on the way to or from work. It determined that under the facts of this case, the personal comfort doctrine did not apply to exempt Claimant from that general rule. It reasoned as follows:

3

Here, Claimant was not even on Employer's premises, let alone at her workstation, when her alleged accident occurred. Employer provided means by which Claimant could have gotten out of the employer-provided parking lot should the need have arisen. While it may have been for Claimant's own personal comfort, there was no nexus between satisfying that personal comfort and her employment. She was not engaged, either directly or indirectly, with the duties required of her job at the time she allegedly slipped and fell. While certain personal comfort activities may be reasonably anticipated in the normal course of human affairs during a workday such as restroom breaks, eating lunch, etc., Claimant's act of moving her car off Employer's premises to the turnout could not have been. The moving of Claimant's vehicle was more than a minor or inconsequential departure from her employment. (Footnote omitted.)

"The applicable standard for determining whether an employee is entitled to compensation under the Worker's Compensation Act requires that the injury must have been caused by an accident 'arising out of and in the course of any employment.'" *Dinius v. Loving Care and More, Inc.*, 133 Idaho 572, 574, 990 P.2d 738, 740 (1999) (quoting I.C. § 72-102(18)(a)). "The words 'out of' have been held to refer to the origin and cause of the accident and the words 'in the course of' refer to the time, place, and the circumstances under which the accident occurred." *Id.* "If there is doubt surrounding whether the accident in question arose out of and in the course of employment, the matter will be resolved in favor of the employee." *Page v. McCain Foods, Inc.*, 141 Idaho 342, 347, 109 P.3d 1084, 1089 (2005).

Claimant does not challenge any of the factual findings made by the Commission. She only contends that as a matter of law her actions fell within the "personal comfort doctrine" and that such doctrine is an exception to the general rule that compensation is not allowed to workers for injuries occurring on the way to or from work. We affirm the Commission's reasoning and its conclusion that Claimant's injury was not caused by an accident arising out of and in the course of her employment.

## III. CONCLUSION

We affirm the order of the Industrial Commission. We award costs on appeal to the respondents.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.